## PETER ( of color) *vs.* KING, Adm'r of EVANS.

When the affidavit required, by the administration act, of a claimant presenting a demand against an estate for allowance, is made by an agent it must appear from the affidavit itself that the agent had "the management and transaction of the business out of which such demand originated," or that he "had the means of knowing personally the facts required to be sworn to."

### ERROR TO OSAGE CIRCUIT COURT.

Robards for plaintiff in error.

The first point which presents itself is as to the legal ability of the plaintiff to maintain a suit for services rendered the estate during the contract about the validity of the will of Evans. If his freedom commenced from the death of the emancipation, he had a right to sue and recover his legal demands from that day. I know no rule of law better established than that a testator, in reference to every thing except real estate, is presumed to speak at the time of his death. In 4th Dana, page 188, the court, in commenting upon a case in almost every respect similar to the present, says, that "the person emancipated is a free man from the time of the testator's death. His (the testator's) will, then, operated for every purpose for which it could ever be effectual. The subsequent probate was only necessary as evidence of its existence and legal validity." It is true the third section of the emancipation act of this State, (Digest, 1845, page 1019) makes emancipated slaves liable to be taken in execution to satisfy debts contracted prior to the emancipation. This provision cannot be construed to prolong the time of servitude. It means that a slave emancipated according to the two preceding sections of the act, may, for the purpose of satisfying debts, again be reduced to a state of servitude. Williams on Ex. 1031; Tucker Com. 1 page 303, and authorities there cited ; 4 McCord, 39, case of Elcock's will, 1st J. J. Marshal, 17, 4 do. 103.

The second question is whether the county court has jurisdiction to hear and determine a demand against an estate, accruing after the death of the testator or intestate. See act to establish Courts, Digest, page 331, sec. 13; act concerning administration, art. 5, sec. 9 and 10, Digest, pages 97 and 8; Digest, title "Justices' Courts," sec. 4, page 635.

The plaintiff, if he had a right to sue, and to sue in the probate court, sets forth facts in his affidavit, which would entitle him to sue as a poor person, and consequently to pursue all remedies, either by appeal to a superior court or otherwise, to establish and secure his rights. If he had a right to sue as a poor person in the probate court, he had a right under the law to appeal to the circuit court, if he deemed an appeal necessary to secure his rights. See act concerning costs in civil cases, sec. 4, Digest, page 241.

Edwards for defendant in error.

1. Peter was a slave belonging to the estate of Evans at Evans' death. His right to his freedom depended upon the validity of the will; if the will had been declared void, he would have remained a slave. He acquired no rights under the will until it was admitted to probate and established according to law; consequently he was a slave at the time the services, for which claims were rendered, and as such his services belonged to the estate, and he is not entitled at law to recover for the same. See Rev. Code, p. 1019, art. 3, sec. 1; same 533, sec. 14.

2. Peter's rights all arise under the will, while the will was in the possession of Evans, during his lifetime, he had the right to alter it at any time, so as to deprive him of his freedom, and Peter would have remained a slave. If the will had been declared void upon the contest, Peter would have remained a slave; as much so as if the will had never had an existence. The will was not perfected until it was probated, and consequently Peter's right to freedom was not perfect, or rather, he had no right to freedom until the will was made perfect by being admitted to probate. If the positions assumed above be correct, Peter clearly had no right to sue, and the case was properly dismissed by the circuit court.

3. But admit that this position is incorrect, and still Peter cannot maintain this suit. The account purports to be a claim against the estate of Evans for services rendered after the death of Evans. Most clearly Evans never contracted any such debt with his slave, and if any contract was made, it was with some other person, and that person, if anybody, but not the estate of Evans is liable to Peter. If the services were rendered voluntarily, no principle of law is better settled, than that he cannot in this way make the estate his debtor. It is contended, however, that this is a claim properly rendered against the estate of Evans. How this can be it is difficult to see. The account is for boarding, clothing, &c., of certain slaves said to belong to the estate. Who had the right to contract any such debt on the credit of the estate? Not the administrator, unless by order of the probate court. The only ground upon which such a claim could be properly based, would be that it was for expenses necessarily incurred in administering the estate. This, at best, would but make a claim against the administrator, as between him and Peter, which, when paid by the administrator, would be a claim in his hands to be submitted by him for allowance in the settlement of his accounts.

But if this is a claim for which the estate of Evans is liable, still the case was properly dismissed, because no sufficient affidavit was made to the account. The 9th section of the 4th article of the statute concerning executors and administrators, Rev. Code of 1845, page 92, prescribes the affidavit to be made by persons having claims against estates, before the probate court is authorized to allow such claim. The 11th section of the same article makes provision for the making of the affidavit required by the 9th section, by an agent in cases therein specified. McCampbell, who makes the affidavit accompanying this account, does not bring himself within the provisions of that statute, and to allow an affidavit to be made under such circumstances, would be to defeat the object of the law. The affidavit of McCampbell is a nullity. Indeed it is difficult to find an excuse for McCampbell in making the affidavit. So far as the record shows, Peter may have received full satisfaction for any claim he might have had against the estate, if he ever had any, and there is nothing to show that the suit is prosecuted by his authority.

4. The plaintiff made no motion for a new trial, and gave the circuit court no opportunity to correct any error it may have committed, and this court will not review a judgment of the circuit court, unless there is a motion for a new trial. See 11 Mo. Rep. 624; Rhodes vs. White, and the cases there cited.

5. No exception was taken to the opinion of the court during the progress of the cause as required by the statute. See Rev. Code, 1845, page 820, sec. 25, and Mo. Reports, passim.

NAPTON, J., delivered the opinion of the court.

The plaintiff, an emancipated slave under the will of Jesse Evans, deceased, brought a suit in the probate court of Osage county *in forma pauperis*, against King, the administrator of Evans, to recover the value of certain alleged services performed by Peter, during the contest about Evan's will.

PETER of color vs. KING, Adm'r. of EVANS.

In the probate court, the writ was dismissed, and an appeal taken to the circuit court, by one James McCampbell, who professed to be Peter's agent, and who had made an affidavit in that capacity, before the probate court. The entry of this oath in the record of the probate court is as follows: "And now comes the said plaintiff, by his agent James McCampbell, and makes his oath that it is——wish to sue as a poor person, and that all credits have been given to the estate of said Jesse Evans, deceased.

The motion to dismiss, was renewed in the circuit court, for various reasons:

1. Because it is apparent from the record filed, that the said plaintiff is not entitled to sue nor to recover, for the services alleged by him to have been rendered to said estate.

2. Because the plaintiff has not made the affidavit required by law, for the allowance of demands against an estate.

3, 4, 5 and 6, same objections in substance.

The motion was sustained, and an exception taken.

Our statute concerning the administration of estates requires the claimant, who has a demand against an estate, to make oath in open court, or file an affidavit, that he has given credit to the estate for all payments and set offs. The statute permits this affidavit to be made by an agent of the claimant, when such agent has had the management and transaction of the business out of which such demand arose, or when such agent had the means of personally knowing the facts required to be sworn to. There is nothing in this record to show that McCampbell was an agent of the plaintiff, or that he had the management of the business from which this demand sprung, or that he had any means of knowing any thing about it. For aught that appears, the contrary may have been established to the satisfaction of the circuit court. It is therefore manifestly impossible for this court to see that the circuit court improperly dismissed the case. In the absence of all proof either way, the presumption is in favor of the propriety of the disposition which that court made of the cause.

Judgment affirmed.