<hr/>

KINCHELOE, Respondent, v. GORMAN'S ADMINISTRATORS, Appellants.

| 29 | 421 |
| 87a | 68 |
| 29 | 421 |
| 89a | 643 |

1. After an administrator has appeared in a probate court and put in a defence to the allowance of a demand against the estate of his intestate, and has obtained judgment in the probate court, and the cause has been taken to the circuit court by appeal, it is too late for the administrator to object that he did not receive a notice of the demand as provided by section sixteen of article four of the administration act. (R. C. 1855, p. 155.)

2. The affidavit required by the twelfth section of article four of the administration act (R. C. 1855, p. 154) may be made ore tenus; it is not necessarily noted on the record.

### Appeal from Wright Circuit Court.

This was an application to the probate court of Wright county for the allowance of a demand against the estate of John M. Gorman, deceased. From the record of the proceedings of the probate court it appears that the plaintiff and the administrators appeared and submitted the cause to the court, and that judgment was rendered for the defendants. An appeal was taken to the circuit court. On the trial anew in the circuit court, the plaintiff offered in evidence the record of the proceedings of the probate court. The court admitted the record against the objections of the defendants. The plaintiff on the trial in the circuit court did not file his affidavit or make oath in open court to his account. The

remaining facts sufficiently appear below in the opinion of the court.

*H. C. Ewing*, for appellant.

I. The court erred in admitting the record. It does not show that defendants had notice as required, nor that they waived notice in open court. (1 R. C. 1855, p. 155, § 15, 16, 17; 12 M. 598.) It does not show that the plaintiff filed an affidavit or made oath in open court as required. (1 R. C. 1855, p. 154, § 12.) The court erred in giving improper instructions.

*Knott & Hough*, for respondent.

I. The court properly admitted the record.

NAPTON, Judge, delivered the opinion of the court.

The objections, which were taken to the record of the proceedings in the county court, we think, were properly overruled. It is true that the record does not show that the administrator was duly notified according to the requirements of the statute; nor does it appear that he made a formal waiver of notice in open court; but the record shows that he was present at the trial, and succeeded in getting a judgment in his favor.

In relation to the affidavit, which the law requires from a claimant before the county court is authorized to allow, a claim, there is nothing in the record to show whether it was made or not. But there was no point made on this at the trial. If there had been, the affidavit might have been supplied. Besides, it has been held that this affidavit may be taken *ore tenus*, and is not necessarily noted on the record. No objection to the instructions being insisted on here, the judgment will be affirmed. The other judges concur.