MERCHANTS' BANK, Respondent, *v.* GEO. E. WARD'S ADM'R, Appellant.

1. *Practice, civil — Bill of exceptions, must show that all the evidence is included.*—A bill of exceptions need not, in words, state that it contains all the evidence if, from the whole record, such is plainly the fact.

2. *Administration note — Affidavit, what sufficient.*— An affidavit attached to a note filed against an estate in a Probate Court, concluding thus: "The estate has been given credit for all the judgments and offsets to which it is entitled on the demand above described, and the balance there claimed is justly due," shows a substantial compliance with the requisitions of the statute. (Wagn. Stat. p. 103, § 13.)

*Appeal from Third District Court.*

*McAfee & Phelps,* for appellant.

*Hardin & Sherwood,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

1. It is objected that the bill of exceptions does not purport to contain all the evidence given on the trial in the court below. It does not so declare in formal words, but it is nevertheless sufficiently apparent, from the whole record, that such is the fact. It shows what evidence was offered by the plaintiffs, and that the whole of it was ruled out, whereby the plaintiffs were driven to a non-suit.

2. It is objected that evidence was improperly excluded. The claim is founded on decedent's promissory note, the execution of which was admitted. It was duly allowed and classed in the Probate Court, whence an appeal was taken to the Circuit Court. On the trial there, the note was objected to and excluded on the ground that the affidavits thereto attached did not show a compliance with the provisions of the statute. (Gen. Stat. 1865, p. 502, §§ 12–14.) It concludes thus: "The estate of George E. Ward has been given credit for all judgments and offsets to which it is entitled on the demand above described, and the balance there claimed is justly due." The objection is that, for aught that the affidavit asserts, the bank may be indebted to the estate on other accounts. The affidavit, according to its literal reading,

shows that there were no " other accounts " applicable in payment of the note, or constituting an offset thereto, and that the balance claimed thereon was justly due.   No objection appears to have been taken to the affidavit in the Probate Court, and I am of the opinion that it shows a substantial compliance with the requisitions of the statute, and that it meets the substantial purposes of the law in that behalf.   The affidavit is a matter of mere preliminary proof, and its phraseology should have a fair and liberal construction.   The construction contended for by the defendants is narrow, technical, and inadmissible.   Peter v. King, 13 Mo. 143, is a wholly different case from this.

The District Court reversed the judgment of the Circuit Court, and its judgment is affirmed.   The other judges concur.