LENK WINE COMPANY, Respondent, *v.* ROSALIE CASPARI, ADMINISTRATRIX, Appellant.

January 24, 1882.

1. An account charged to a firm of which the deceased was a member and exhibited to the administrator, is a sufficient compliance with the statute, and sufficiently shows that the claim is against the estate for goods purchased by the firm of which the intestate was a member.

2. In making the affidavits required by sections 195–197 of the Revised Statutes, a substantial compliance with the statute is sufficient without following its exact language.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

C. A. SCHNAKE, for the appellant.

FINKELNBURG & RASSIEUR, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The demand in this case was allowed during the first year of administration, and placed by the probate court in the fifth class. On appeal and trial anew, the claim was allowed in the circuit court.

1. It is contended that the notice to the administratrix was insufficient.

It appears that defendant's intestate, John S. Caspari, was, at the time of his death, member of a firm composed of himself and one Zengel, who purchased the merchandise described in the account, a copy of which was duly served on the defendant, the administratrix of Caspari. The law requires (Rev. Stats., sect. 198), that the notice to the administratrix shall be in writing, shall contain a copy of the instrument of writing or account on which the demand was founded, and shall state that the person desiring to establish the demand will present the same at the next regular or adjourned term of the probate court.

The copy of account embodied in a notice otherwise regular, and duly served, was in this case, as follows : —

"Toledo, Ohio, January 9, 1880. Messrs. Zengel & Caspari, St. Louis, Mo., bo't of Lenk Wine Company:

| 1874. | | | |
|---|---|---|---|
| June 29. | To 10 bbls. Catawba, 45, 46½, 45, 46½, 46, 46, 46, 45½, 45, 45, = 456½ galls., $1 . . . . . . . . . . . . . . | $456 | 50 |
| | Cartage . . . . . . . . . . | | 50 |
| | | $457 | 00 |
| Oct. 14. | To cash for protest fees on returned draft for above amount . . . . . . . . . | 5 | 50 |
| | | $462 | 50 |
| 1875. | | | |
| May 29. | By cash on account . . . . . . . . . | 231 | 25 |
| | Balance due . . . . . . . . . . | $231 | 25 " |

There was a sufficient exhibition of the demand. The copy of the account is in exact compliance with the requirements of the statute, and sufficient notice to the administratrix that the balance was claimed by Lenk Wine Company, who signed the notice, as due by her intestate to them, on account of wines bought by the firm of which he was a member. If the account had stated that Caspari alone bought the wines, or that they were purchased by his estate, it would not have set forth the facts. It is enough that the administratrix had a clear, definite, and unmistakable statement in writing of the character of the claim. *Pfeiffer* v. *Suss*, 5 Mo. App. 591.

2. It is claimed that the affidavits filed in the probate court, and presented in the circuit court, were insufficient.

One of the affidavits is as follows: —

"Carl Lenk, being duly sworn, upon his oath says, that he is the president of the Lenk Wine Company, the above-named claimant; that he has had charge of the business of said company showing the accruing of the foregoing account, and out of which the same arose; and that, to the

best of his knowledge and belief, he has given credit to the estate of John S. Caspari, deceased, for all payments and offsets to which it is entitled, and all which appear upon the foregoing account; and that the balance, of two hundred and thirty-one $\frac{25}{100}$ dollars and interest thereon from January 1, 1875, at six per cent per annum, as claimed, is justly due from said estate to said Lenk Wine Company."

The affidavit required by the statute (sects. 195, 197), must set forth, when made by the claimant himself, that, "to the best of his knowledge and belief, he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due." The affidavit " may be made by an agent of the claimant, when such agent has had the management and transaction of the business out of which such demand originated, or when such agent has had the means of knowing personally the facts required to be sworn to by these sections; and, when made by an agent, shall contain a statement of such facts." And it is enough that the affidavit substantially complies with these requirements. *Merchants' Bank* v. *Ward*, 45 Mo. 310. We think that the affidavit of Lenk is sufficient. It need not be in the words of the statute. It would be better, however, that these affidavits should be drawn with the statute open before the persons preparing them. Otherwise, ground may be now and again furnished for an appeal involving delay, expense, consumption of time of courts already overworked, and under circumstances where there is just enough in the question presented to make the appellate court doubt whether the appeal is so clearly frivolous as to warrant the infliction of a penalty.

The judgment is affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.