ANNA HAYDEN, Respondent, v. JOSEPH MAHER, Appellant.

St. Louis Court of Appeals, November 17, 1896.

1. **Justices' Courts:** COUNTERCLAIMS. A counterclaim is an independent cause of action, and, when filed before a justice of the peace, it should be in a shape answering the requirements of the statement of a cause of action; the mere filing of an account by the defendant with the justice will not suffice.

2. **Contracts:** IMPLIED LIABILITY FOR FUNERAL EXPENSES. Primarily the estate of a decedent is liable for the expenses of his funeral, and no personal obligation on the part of his widow to pay therefor can be implied from a request by her for the burial; if the undertaker intends to hold her personally in such a case, he must procure a promise of payment from her.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

*Mills & Grant* for respondent.

ROMBAUER, P. J.—The defendant is sued as a member of the firm of A. M. Hayden & Company, of which firm the plaintiff's husband was a member in his lifetime. The claim is that plaintiff at various times in the lifetime of her husband advanced moneys of her own to the firm, for part of which the firm executed its promissory note to her, and part of which

remained on open account. The plaintiff instituted her suit before a justice of the peace on the note and open account. The defendant filed an account against the plaintiff, part of which consisted of services rendered by him to the plaintiff in adjusting an insurance claim, and part of the funeral expenses of plaintiff's husband.

On the trial in the circuit court on appeal such proceedings were had that the court found a judgment for plaintiff's entire claim, and found for defendant on his account to the extent of his services in adjusting the insurance claim. No finding was made on that part of the defendant's account which consisted of the bill for funeral expenses; and, while some other errors are assigned, the main error assigned is this alleged defective finding.

Touching the note there was no controversy whatever. Although its execution was denied under oath, the defendant admitted its execution upon the trial. It was also admitted that the money furnished by the plaintiff on open account, with the exception of $10, went to the credit of A. M. Hayden & Company. It further appeared that the note as well as the entire open account had been allowed in the probate court as valid claims against the partnership estate of A. M. Hayden & Company, on which the defendant at the time administered as surviving partner, so that plaintiff's claim on the note and open account was conclusively established by the evidence and former judgment, and in fact it was not substantially controverted. Under these circumstances the claim that the court admitted some illegal evidence against the defendant is entitled to no consideration, as its admission could not have prejudiced the defendant in any manner.

Touching the alleged imperfect finding of the court on defendant's alleged counterclaims, the following

may be said: The defendant did not, as he now claims, file two counterclaims before the justice. He did file the two accounts above mentioned without designating them in any manner as counterclaims, or accompanying them with any statement whatever. A counterclaim is an independent cause of action, and, where the defendant files such a claim, it should be in a shape answering the requirements of a statement before a justice. Neither of the two accounts filed by the defendant complies with these requirements. The court might with propriety have rejected them both, and the defendant has no cause of complaint because the court allowed to him the one and rejected the other. But even if the facts were otherwise, the defendant would have no reason to complain. Primarily the estate of a decedent, and not his widow, is responsible for his funeral expenses. The mere fact, that the widow requests the burial, can not change the rule. There is in most cases no other person to make the request, as the administrator is ordinarily not appointed until after the funeral. If the undertaker desires to hold the widow responsible, he must protect himself by her valid promise to pay. No promise to pay can be implied on her part from a bare request, and that is all that was shown in this case. For the above reasons the court did not err in refusing the defendant's instruction to the effect, that, if she ordered the funeral and received the articles furnished for that purpose, she was liable for their reasonable market value.

The plaintiff moves for an affirmance of the judgment with damages. Not finding any fairly debateable proposition raised by this appeal, we sustain the motion. Judgment affirmed with ten per cent damages. All the judges concur.