WAGONER UNDERTAKING COMPANY, Respond-
   ent, v. JONES, Executor SCANNELL, Deceased,
   Appellant.

St. Louis Court of Appeals, December 1, 1908.

1. AMENDMENTS: Administration: Affidavit to Claim Against
   an Estate: Jurisdiction.   The verification of a claim against
   an estate is jurisdictional in that the claim cannot be allowed
   until it is verified, but the fact that the affidavit is defective
   because it fails to state that the affiant is the agent of the
   claimant does not prevent the jurisdiction of the probate court
   from attaching so as to permit an amendment in the circuit
   court.

2. ———: ———: ———: ———: Oral Verification.   The
   statute allows claims against an estate to be verified by oath
   in open court and on appeal the circuit court may presume that
   it was so orally verified unless the contrary is proven.

3. PRACTICE: Evidence: Pools and Trusts.   In a proceeding
   in probate court to establish a claim against an estate by an
   undertaker for a casket furnished for burying the deceased,
   evidence that there was an association of undertakers which
   met for social purposes and the discussion of the best methods
   of carrying on their business, was not sufficient proof of a pool
   or trust within the meaning of chapter 143, Revised Statutes
   1899, to submit such issue to the jury.

4. SALES: Administration: Market Value.   In a proceeding in
   a probate court to establish a claim against an estate for the
   value of a casket and other articles furnished for the funeral
   of deceased, the reasonable market value was the proper meas-
   ure of recovery, and by market value is meant prices such
   articles commonly brought at the time.

5. ———: ———: ———: Evidence.   In such case it was
   improper on cross examination to ask the cost of the differ-
   ent articles which entered into the construction of the casket;
   such evidence would have no tendency to prove the reasonable
   market value.

6. ———: ———: ———: ———: Account Books.   In such
   proceeding the books of original entry of the plaintiff were com-
   petent evidence as tending to prove in detail what articles
   plaintiff supplied.

7. ———: ———: ———: ———: Habits of Deceased.   In
   such case it was incompetent to prove remarks of the widow
   of deceased in ordering the casket regarding the habit of the
   deceased husband to buy the best, and the kind of a funeral

she wished him to have; likewise it was incompetent to introduce an inventory of the estate to show he left property of great value, there being no issue on the point of whether the expenditure was extravagant.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey, Judge.*

REVERSED AND REMANDED.

*Morrow & Kelley* for appellant.

(1) The original affidavit to the claim, in probate court, the amended affidavit and the oral affidavit taken during the trial in circuit court were insufficient to give the court jurisdiction. They are not even a substantial compliance with the statute. It is not stated in any of them that the agent, Geo. C. R. Wagoner, who made them had the management and transaction of the business out of which such demand originated or had the means of knowing personally the facts required to be sworn to by section 195, Revised Statutes 1899, as required by section 196, Revised Statutes 1899. This the statute requires in terms. The statutory affidavit is a condition precedent to jurisdiction in the probate court. R. S. 1899, secs. 195, 196; Peter v. King, 13 Mo. 143; Jenkins v. Morrow (Mo. App.), 109 S. W. 1051; Dorn v. Parsons, 56 Mo. 602; Wernse v. McPike, 100 Mo. 476; Wine Co. v. Caspari, 11 Mo. App. 384; Williams v. Gerber, 75 Mo. App. 30; Waltemar v. Schnick, 102 Mo. App. 137; Fitzpatrick v. Stevens, 114 Mo. App. 592. (2) The original affidavit did not even state that it was made by an agent. It is an absolute nullity on its face and was made by a party incompetent in law to make it. It is the same as if none had been made. The probate court did not get jurisdiction and this cannot be supplied by amendment in the circuit court on appeal. Turner v. Bondalier, 31 Mo. App. 582; Madkins v. Trice, 65 Mo. 656; Gist v. Loring, 60 Mo. 487; Haggard v. Railroad, 63 Mo. 302; Webb v. Tweedie, 30 Mo.

488; Johnson v. Fischer, 56 Mo. App. 553. (3) This matter must not be confounded with the right of amendment on appeal from a justice of the peace of pleadings to supply a jurisdictional averment which is allowed by an express statute passed for that purpose. This right did not exist until the statute was passed. Mitchell v. Railroad, 82 Mo. 106; Vaughn v. Railroad, 17 Mo. App. 8; Planing Mill Co. v. Ritter, 33 Mo. App. 409; Dowdy v. Wamble, 110 Mo. 280; R. S. 1899, sec. 4079. (4) The court erred in refusing to permit defendant to cross-examine plaintiff's witness as to the elements which go to make the market value of the articles in question, including cost in the market to plaintiff and others and profit made on them. Jones on Evidence, sec. 826; Wells v. Kelsey, 37 N. Y. 143. (5) Defendant had a right to show what the articles in question cost plaintiff, and also the reasonable market price to the retailer in St. Louis at the time of the sale. It is evidence of value. The court erred in excluding this evidence. State ex rel. v. Steele & Co., 108 Mo. App. 363; Story & Clark v. Gibbons, 96 Mo. App. 222; Miller v. Bryden, 34 Mo. App. 602; Stevens v. Springer, 23 Mo. App. 375; Markowitz v. Kansas City, 125 Mo. App. 375; Jones on Evidence, sec. 165; Luse v. Jones, 39 N. J. L. 707; Robinson v. Lewis, 27 N. Y. Supp. 989; Akers v. New York, 35 N. Y. Supp. 1099; Hawver v. Bell, 141 N. Y. 143; Wells v. Kelsey, 37 N. Y. 146. (6) The cost of manufacturing the articles may be shown and the court erred in excluding defendant's evidence as to the cost of making a casket like the one in question. Matthews v. Railroad, 142 Mo. 666; Conner v. Railroad, 181 Mo. 397; Brizsee v. Maybee, 21 Wend. (N. Y.) 144.

*Henderson & Becker* for respondent.

(1) The affidavit required by section 185, Revised Statutes 1899, may be made orally in the probate court and is never noted on the record; and it will, in the absence of proof, be presumed to have been made and

that the court had jurisdiction. Insurance Co. v. Linchey, 3 Mo. App. 588; Million v. Ohusorg, 10 Mo. App. 437; Kinchelor v. Gorman, 29 Mo. 421; Wood v. Flanery, 89 Mo. 632. (2) Even though there had been proof adduced by defendant upon his plea to the jurisdiction to the effect that there had been no oral affidavit made in the probate court, yet the written affidavit appended to the demand itself was sufficient, and the defect, if any contained therein could have been rectified on the trial *de novo* before the circuit court. Woerner, Adm. Law, p. 808; Kinchelor v. Gorman, 29 Mo. 421; Shaw, Admr., v. Groomer, 60 Mo. 497; Wood v. Flanery, 89 Mo. App. 642; Dawson v. Wombles, 104 Mo. App. 275. (3) The widow of a deceased person is a proper party to order a funeral as administrator is ordinarily not appointed until after the funeral. Hayden v. Maher, 67 Mo. App. 436. (4) "Market value" is the price at which the owner of goods, or the producer, holds them for sale, the price for which they are freely offered in the market to all the world. Such price as dealers in the goods are willing to receive and the purchasers are made to pay, when the goods are bought and sold in the ordinary course of trade. Muser v. Magone, 155 U. S. 240; Cliquot v. U. S., 70 U. S. 114; Parlin & Orendorf Co. v. Boatman, 89 Mo. App. 43. (5) The competency of an expert witness is for the court, but it is the exclusive province of the jury to determine the credibility and weight of said evidence, which it should consider in connection with all the other evidence in the case; but they hove no right to disregard such testimony. Ristetsky v. Delmar Co., 106 Mo. App. 382; Johnson v. Kahn, 97 Mo. App. 628; Buckalen v. Quincy Co., 107 Mo. App. 575.

GOODE, J.—1. This case involves a demand against the estate of Alfred Scannell, deceased, for the expenses incident to his interment, which was conducted by plaintiff. As originally presented in the probate court, the demand was thus verified:

"*State of Missouri, City of St. Louis,* ss.

"The undersigned, being duly sworn on his oath says that the claimant above named has given credit to the estate of said deceased for all payments and offsets to which it is entitled, and that the balance is justly due.

"GEO. C. WAGONER."

When the case came on to be heard in the circuit court where it had gone on appeal, a plea to the jurisdiction of both courts was preferred because it did not appear the demand was verified by an agent of the claimant. The court overruled this plea and gave leave to file an amended affidavit, which was made by Geo. C. R. Wagoner, as president of the company; who also made an oral affidavit in the circuit court, wherein he said that, to the best of his knowledge and belief, the Wagoner Undertaking Company had given credit to the estate of Alfred Scannell, deceased, for all payments and offsets, and plaintiff's demand was justly due.

1. In Dawson v. Wombles, 104 Mo. App. 272, we passed on the right of a claimant against an estate to amend in the circuit court an affidavit so as to show it was made by an agent, and cited two decisions construing statutes like our own in support of the right. [Walker v. Wigginton's Admr., 50 Ala. 579; Chadwell v. Chadwell, 98 Ky. 643; also Woerner's Ad. Law, *808.] Though the subject was not enlarged on in the opinion, it was investigated carefully, and a second investigation has convinced us the decision was right. It has been held the verification of a claim against an estate is jurisdictional to this extent: the claim cannot be allowed or evidence in proof of it admitted until it is verified. [Peter v. King, 13 Mo. 143; Dorn v. Parsons, 56 Mo. 601; Fitzpatrick v. Stevens, 114 Mo. App. 497.] But we think the fact that an affidavit is defective because it fails to state the affiant was the agent of the claimant does not prevent the jurisdiction of the probate court

from attaching, so as to permit an amendment there or in the circuit court, and that such an unverified demand against an estate stands on a different footing from a complaint in a forcible entry and detainer suit, or an affidavit in a replevin action, which have been held not amendable so as to show jurisdictional facts omitted in the first instance. [Turner v. Bondalier, 31 Mo. App. 582; Johnson v. Fischer, 56 Mo. App. 552.] The statute allows claims against estates to be verified either by affidavit or by oath in open court; and this being the law if a written affidavit is filed from which a requisite fact is omitted, the fact may be supplied by an oral oath, which need not be noted in the record. [Kincheloe v. Gorman's Admrs., 29 Mo. 421.] It is apparent, therefore, the verification of a demand is not so far jurisdictional that facts required to be stated in it must appear of record. The agency of the affiant in the present case may have been orally proved in the probate court, and the circuit court could presume this was done, unless the contrary was proved. [Merchants, etc., Co. v. Linchey, 3 Mo. App. 588; Million v. Ohnsorg, 10 Mo. App. 432; Kincheloe v. Gorman's Admrs., 29 Mo. 421; Wood v. Flanery, 89 Mo. App. 632.] And why should it be held wrong for said court to allow an amendment to be inserted in an affidavit to a claim, in order to show jurisdiction in the probate court, if it might presume, in favor of the latter court's jurisdiction, the fact to be shown in the amendment was proved by word of mouth? This reasoning is enforced by our statute, which says, the upper court, on the filing of a transcript in an appeal like this one, "shall be possessed of the cause and shall proceed to hear, try and determine the same without regarding any error, defect or imperfection in the proceeding in the probate court." [R. S. 1899, sec. 285.]

2.   An exception was saved to the admission in evidence of a bill of particulars showing the size, style and price of the casket, number and cost of funeral notices, carriages, crepe, gloves and other items. This ac-

count was proved to have been taken from plaintiff's book of original entry, and hence was competent evidence. [R. S. 1899, secs. 4652, 4653; Anchor Mill. Co. v. Walsh, 108 Mo. 277.] For reasons stated infra, the heading which showed it was ordered by the widow of the deceased, should be excluded if there is a retrial of only the same issues tried before.

3. There is no trace of evidence in the case tending to prove a trust or combination among the undertakers in St. Louis to regulate prices or violate the statutes of this State against "Pools, Trusts and Conspiracies." [R. S. 1899, ch. 143.] The testimony introduced on this issue, showed the existence of an association of undertakers which met for social purposes and the discussion of the best methods of carrying on their business; but every witness testified the association did not fix prices or adopt any regulations which would tend to keep down competition. Hence the trial court properly might have declined to submit said defense to the jury.

4. In the absence of proof to show the articles in controversy were not sold under fair trade conditions, but that competition had been stifled or prices otherwise inflated, their reasonable value was their market value in St. Louis where they were sold; and by their market value is meant the prices they commonly brought at the time. [Sloan v. Baird, 162 N. Y. 330; Murray v. Stanton, 99 Mass. 345; Lovejoy v. Michels, 88 Mich. 1; Kountz v. Kirkpatrick, 72 Pa. St. 389.] The court charged the jury plaintiff was entitled to recover their "reasonable market value;" a sufficiently sound statement of the law and not challenged; but defendant's counsel insist they were restricted unduly in their effort to ascertain what was the reasonable market value of the things furnished. We think it was beyond the range of proper cross-examination to ask what the cedar wood in the casket cost the manufacturers, or the cost of the casket handles and lining to the makers of those articles or dealers in them in St. Louis. [1 Sedgwick, Dam-

ages, sec. 244; 3 Sedgwick, sec. 4958.] It is difficult to perceive how this information would tend to inform instead of mislead the jury, or be a fair test of the expert's knowledge; for the cost is not the question, but the value. Many other factors entered necessarily into the reasonable value of the casket when finished; such as assembling the different articles which composed it, rents, and expenses of business. If articles like casket handles, linings, etc., were sold at retail in St. Louis, and had current values there, perhaps it would be competent to show what those values were as one means of getting at the reasonable market value of the casket, or the accuracy and veracity of the expert witnesses. But as propounded, the questions which the court held improper went beyond this, and sought to elicit from the witnesses what plaintiff paid for the parts of the casket and also what those parts cost their manufacturers; evidence which would have no tendency to prove the reasonable or market value of either the outer cedar casket, or the inner one of copper, or to test the truthfulness and competency of the experts; but which might tend to stir up prejudice in the jury by showing what they would deem an extravagent profit. In Warren v. Mayer Mfg. Co., 161 Mo. 112, 125, an action for damages for failure to deliver structural iron according to contract, the court said evidence of the value of the iron by those acquainted with its market value at the time, if it had any, was the only feasible method of estimating its value. A standard treatise says proof of the value of property is generally ascertained by the opinions of witnesses, and that if the article in question has a market price, that usually will control as the best evidence of value. [3 Sutherland, Damages (3 Ed.), sec. 659, citing the case last cited and Cohan v. Platt, 69 N. Y. 348, and Durst v. Barton, 47 N. Y. 167.] The cost of goods may be proved sometimes, as said treatise states, and as our courts hold. [Mathews v. Railroad, 142 Mo. loc. cit. 666; Markowitz v. Kansas City, 125 Mo. 485.]

But where articles have an established and regular market price shown by current sales, testimony as to the cost of making them would darken counsel, when their reasonable value is to be determined; unless, perchance, the market price has been forced upward by unfair methods.

5. Both the evidence and the instructions were extended outside the issues and made to embrace the question of whether or not the interment and the articles furnished for it, were appropriate to the station in life of the deceased; regard being had to the value of his estate and other circumstances detailed in evidence. Assuming this matter was in contest, the court received testimony of what the widow said to plaintiff's officers when she gave the order for the interment and for the casket and other articles she selected. The demand was in the form of a verified account against the estate of the deceased, and the issues were made by a statement of defendant's counsel in open court of the grounds on which the claim was resisted. These were: lack of jurisdiction because of a defective affidavit and an alleged combination of St. Louis undertakers in violation of the statutes (R. S. 1899, ch. 143) which have been already considered; and that the prices charged for the articles were unreasonable. Perhaps an issue was made as to whether the various articles contained in the account were furnished; for defendant's attorney neither denied nor admitted they were. Therefore we hold the account, as shown on the book of original entry, was not only competent evidence, as tending to prove in detail what articles plaintiff supplied, but was relevant to the issues made. As the demand was not challenged on the point the outlay was extravagant, taking into consideration the wealth of the deceased and his position in life, evidence on those subjects was superfluous; and this wrong theory of the case led to the reception of testimony which probably was prejudicial to the executor.

It was proved the prices were stated to Mrs. Scannell when she gave the order and remarks of hers regarding the habit of her deceased husband to buy the best and what kind of a funeral she wished him to have, were adapted to influence the jury unduly in favor of plaintiff's demand. So was the inventory of the estate, which was admitted and showed deceased left real property of great value in the city of St. Louis, and personal property worth one hundred thousand dollars. The points for decision were whether plaintiff furnished the articles and services for which claim was made, and, if it did, what prices for them were reasonable. It is true the widow might order the interment on a scale in proportion to the condition of deceased, and the estate would be liable for the debt. [Hayden v. Maher, 67 Mo. App. 434.] And if there had been any question made regarding her right to do this, or whether she had gone beyond what was appropriate, evidence on those matters would have been admissible; but as the question was not in the case, the evidence was irrelevant and harmful as tending to cloud the issues.

The judgment is reversed and the cause remanded. All concur.