ELIZA J. BENNETT, Respondent, v. G. W. RODG-
ERS, Admr., Appellant.

Kansas City Court of Appeals November 8, 1920.

ADMINISTRATION: Notice of Claim: Waiver of Notice. In an action
on an account against the administrator of an estate, no recovery
can be had unless it is proven that a written notice of the claim
was given the administrator (Sec. 203, R. S. 1909) or that the ad-
ministrator waived service of notice by appearing in court, or by
writing (Sec. 205, R. S. 1909). The appearance of the administra-
tor in court in vacation at the time a claim is filed, is not such an
appearance in court as will constitute a waiver of the service of
notice required by the statute.

Appeal from the Randolph County Circuit Court.—*Hon.*
—— ——, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Wright* and *A. R. Hammett* for respondent.

*M. J. Lilly* and *Hunter & Chamier* for appellant.

ELLISON, P. J.—This action is on an account
against the administrator of an estate. The judgment in
the trial court, on appeal from the probate court, dis-
missed plaintiff's claim. A new trial was granted on
plaintiff's motion and from that order the administrator
appealed to this court.

The account is based on a claim for services which
plaintiff says she rendered to plaintiff's intestate in the
latter's lifetime. No written notice of the claim was
given to the administrator as required by section 203,
Revised Statutes 1909. But it is enacted by section 205
of the statute that "The executor or administrator may
appear in court, or, by writing, waive the service of any
such notice." It is not pretended that any written

waiver was given and the sole question is, did the ad-ministrator *"appear in court"* and waive notice? If the administrator appears in court and takes part in the proceedings, it is a waiver in court. [Kincheloe v. Gor-man, 29 Mo. 421; Waltemar v. Schnick, 102 Mo. App. 133, 138.; Madison Bank v. Suman, 79 Mo. 527, 532.]

And it is claimed by plaintiff that he did so appear and take part and this claim is based on the following entry in the record of the probate court: "Now at this day, it appearing to the court, now here, that in vacation of this court, on the 19th day of February, 1918, Eliza J. Bennett, filed with the clerk of this court for allow-ance, against the Estate of Jacob Bennett, deceased, her claim in the sum of $1002.80, founded upon an account for services rendered decedent, during his lifetime; and it further appearing that, by agreement between all par-ties to the claim filed on said date by J. L. Bennett, against said estate, and all parties hereto, no action should be taken in above entitled cause until full and final settlement be made herein of said J. L. Bennett claim, it is therefore ordered and adjudged by the court that this cause be, and the same is herein continued for hear-ing on a date to be set by all parties hereto, subsequent to the final passage of the claim of J. L. Bennett, in said estate."

That record shows that the claim was filed in vaca-tion and at *that time* the agreement was had. That was a matter transpiring in the past—in vacation—and was not an appearance in court as the statute requires.

The trial court's first view was correct and the judg-ment and order sustaining the motion for new trial and arrest is reversed and the cause remanded with direc-tions to reinstate the finding and judgment on defend-ant's motion. All concur.