**CALVIN F. FEUTZ FUNERAL HOME, INC., a Corporation, Claimant-Appellant,**

v.

**ESTATE of Hilda WERNER, Deceased, Defendant-Respondent.**

No. 32600.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

Motion for Rehearing, or for Transfer to Supreme Court Denied June 14, 1967.

Application to Transfer Denied July 10, 1967.

Suelthaus & Krueger, W. W. Sleater, St. Louis, for claimant-appellant.

Michael J. Ebeling, Clayton, for defendant-respondent.

DOERNER, Commissioner.

This appeal involves the claim of Calvin F. Feutz Funeral Home, Inc., in the sum of $1,719.59 for services rendered in conducting the decedent's funeral. The Probate Court of St. Louis County, in which the claim was filed, made an allowance of $1,000. On claimant's appeal the Circuit Court of that county allowed the claim in the amount of $1250, and claimant brought this appeal.

The case was tried in the Circuit Court on the following agreed statement of facts:

"Hilda L. Werner was buried on or about October 21, 1963, by Calvin F. Feutz Funeral Home; the funeral in question was ordered by Lewis J. Werner, Executor of the Estate, and also the sole heir of the Estate and a brother of the deceased; he specified the type of funeral to be ordered; the total cost as billed is $1,719.59, and the average funeral at the time in question, approximately one year ago, from the Calvin Feutz Funeral Home ranged from $1,400 to $2,000; the Calvin Feutz Funeral Home presented a claim in the Estate of Hilda L. Werner, to the Executor, and the Executor waived on the 'demand for $1,719.59,' and consented to the charges; thereupon, it was presented to the Probate Court, at which time, after consultation and stipulation of facts, the probate judge made an allowance of $1,000.00 as a first-class claim."

■■ Claimant's first point, as best we understand its brief, concerns the power and authority of the Probate Court to pass on claims for funeral services. Claimant appears to contend that because the funeral services were here ordered and specified by Werner the Probate Court could exercise no discretion in the matter and was required to allow its claim for the full amount sought. With that view of the power and authority of the Probate Court we cannot agree.[1] Constitutional authority for the establishment and jurisdiction of the Probate Court is found in Section 16, Article V, Constitution of Missouri, 1945, V.A.M.S., which as here pertinent provides that there shall be a Probate Court in each county, with jurisdiction of all matters pertaining to probate business, to granting of letters testamentary and of administration, and of settling the accounts of executors and administrators. "Probate business" as used in the Constitution and as echoed in the appropriate statute, Section 472.020, RSMo 1959, V.A.M.S., has been held to include the collecting and marshalling of the decedent's assets, the allowance and payment of claims, and the proper distribution of the remainder of the estate to the persons entitled thereto. First National Bank of Kansas City v. Mercantile Bank & Trust Co., Mo., 376 S.W.2d 164; North v. Hawkinson, Mo., 324 S.W.2d 733.

■ Jurisdiction to pass on claims is specifically given to the Probate Court by § 473.403(1), which reads:

"Except as provided in subsections 2 and 3 hereof (not here pertinent), no claimant is entitled to payment unless his claim has been duly filed and allowed by the court. Upon the adjudication of any claim the court shall allow it in whole or in part, or disallow it. The order allowing the claim has the effect of a judgment and bears interest at the legal rate, unless the claim provides for a different rate in which case the judgment shall be rendered accordingly."

It is readily apparent from that section that the Probate Court not only has the power but it is its duty to pass on any claim presented for allowance against a decedent's estate, and to allow it in whole or in part, or disallow it, according to its validity and merits. In this respect a claim for funeral services stands on no different footing than any other claim. In fact, it may be contended that such a claim should perhaps invite a closer scrutiny by the court, for while debts, medical expenses, servant's wages and similar matters are obligations usually controlled and incurred by the decedent during his lifetime, ordinarily the arrangements for his funeral are made by another after his death and are classified as first class claims. § 473.397. Of course, it must be recognized that for reasons of health a burial cannot be delayed indefinitely, nor until the estate is opened and an allowance judicially obtained for such services; that sentiment and a proper respect for the dead require that the burial be conducted with propriety and decency; and that normally the undertaker who furnishes such services should be entitled to recompense from the decedent's estate. Cape Girardeau Bell Tel. Co. v. Hamil, 160 Mo.App. 521, 140 S.W. 951; Hayden v. Maher, 67 Mo.App. 434. This is not to say, however, as claimant seems to contend, that the Probate Court must approve and allow without question any and every claim for funeral services, regardless of its amount. To follow such a course would be a relinquishment and abdication by the court of its powers and duties.

■ What, then, is the criterion to be applied by the court in determining the amount to be allowed? As the very authorities cit-

---

1. We need not concern ourselves with the power and authority of the Circuit Court for its jurisdiction of an appeal from the Probate Court is derivative, and is no greater and no less than the Probate Court itself might have exercised. In re Franz' Estate, Mo., 372 S.W.2d 885; State ex rel. Kinealy v. Hostetter, 340 Mo. 965, 104 S.W.2d 303.

ed by claimant state, the amount for which a claim for funeral expenses should be allowed must be determined by the familiar rule of reason. Wagoner Undertaking Co. v. Jones, 134 Mo.App. 101, 114 S.W. 1049; 34 C.J.S. Executors and Administrators § 384, pp. 137, 138. What is or is not a reasonable amount must, of course, be determined in the light of the facts and circumstances in each case. The factors which must be considered, as we recognized in the Wagoner case, are two-fold: (1) whether the price charged is the reasonable market value in the community for the articles furnished and the services performed; and (2), whether the amount claimant seeks to have allowed is commensurate with the value of the decedent's estate and with what we there referred to as his position in life. We are not unmindful of the problem which may confront an undertaker under that rule, since usually an estate has not been opened and its value may be unknown when arrangements are made for a decedent's funeral. But as suggested in Hayden v. Maher, supra, he may protect himself by a guarantee or other promise of payment from the one who requests his services.

■ Claimant appears to recognize the guidelines of reasonableness laid down in the Wagoner case for it asserts, somewhat inconsistently with its first point, that its claim is reasonable because the facts stipulated show that the amount of its claim is within the average range of the cost of funerals in the area; and that we, " * * * should take judicial knowledge of the fact that the deceased lived at 418 Polo Drive in Clayton, one of the nicest exclusive neighborhoods in the area, with high-priced homes. * * * " In the first place, the facts stipulated do not show that charges made for the articles furnished and services performed in connection with the decedent's burial were the reasonable market value for such articles and services. That certainly would not be proven by the fact that the "average" funeral from claimant's establishment at the time in question "ranged" (a contradiction in terms) from $1400 to $2000. Nor can we take judicial notice that the decedent lived at a particular address, much less the character of the neighborhood in which she resided, for such facts are not matters of either judicial or common knowledge, Bone v. General Motors Corp., Mo., 322 S.W.2d 916, 71 A.L.R.2d 361. Such facts, if true, should have been stipulated or proven, for we may consider evidence of that character only when it appears in the transcript. Moreover, of even greater importance, the stipulation does not touch upon the second element of the rule. There are no facts stipulated or proven regarding the size or value of the decedent's estate, and for aught that appears in the transcript before us it may barely exceed the amount of $1250 for which the Circuit Court allowed claimant's claim. Under this state of the record we cannot say that claimant's claim for $1719.59 was reasonable and should have been allowed in full.

■ Claimant's final point is that the allowance made was not based upon any competent evidence and that the court's action in allowing it for only $1250 " * * * is illegal, unlawful, arbitrary, capricious and the result of bias and prejudice." Such harsh language stems from what we have pointed out is a misconception of the role of the court to which a claim for funeral services is presented. As we have sought to make clear, the function of the Probate Court is not that of a rubberstamp, and it is not required to automatically approve in full any and every claim for funeral services, regardless of the pertinent facts. The burden is on the claimant who presents such a claim to show that it is reasonable. The court undoubtedly had the inventory of the estate before it when it made the allowance and gave consideration to such information when it determined the amount it allowed. On appeal, the presumption is that the trial court's decision was correct, and the burden is on the appellant affirmatively to show error as a condition precedent to reversal, James v. James, Mo., 248 S.W.2d 623, or that

we should reach a different result.   This the claimant has not done.

The judgment is therefore affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., RUDDY, J., and THEODORE McMILLIAN, Special Judge, concur.