STATE of Missouri ex rel. George R. NOLL-MANN, Administrator of the Estate of Alice G. Nollmann, Deceased, Plaintiff-Relator-Appellant,

v.

Honorable Donald GUNN, Judge of the Probate Court of the City of St. Louis, Missouri, Defendant-Respondent.

No. 35627.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 9, 1974.

Motion for Rehearing or Transfer Denied
Sept. 11, 1974.

Application to Transfer Denied Oct. 14, 1974.

Francis P. Dorsey and Henry Ebenhoh, St. Louis, for plaintiff-relator-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Frank N. Gundlach, Richard B. Scherrer, Jeffrey C. Vaughan, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by relator, George R. Nollmann, Administrator of the Estate of Alice G. Nollmann, deceased, from a judgment and order of the Circuit Court of the City of St. Louis, Missouri, dismissing relator's preliminary writ of prohibition and denying the issuance of a permanent writ of prohibition. We affirm.

The decedent, Alice G. Nollmann died on August 15, 1972. Letters of Administration on her estate were issued to George R. Nollmann by the Probate Court of the City of St. Louis, Missouri. On November 28, 1972, Bernhardt A. Schaeffer filed a claim for $25,000 against the estate, and served a copy of his claim and notice of filing and hearing thereof for classification and allowance against the estate upon relator.

The claim alleged generally that claimant performed various household chores and personal services for decedent from the year 1955 through August 15, 1972. The form used bears a dotted line approxi-

mately two-thirds distance from the top of the page. Underneath this line is printed the word "Claimant." The claimant signed the claim on the line so provided.

Below the dotted line appears the following statement:

"Bernhardt A. Schaeffer being duly sworn on his oath, says that he has given credit to the estate . . . for all payments and offsets to which it is entitled, and . . . the balance claimed . . . is . . . due."

Below this statement further appears the following:

"Subscribed and sworn to before me, this 21st day of November, 1972.   /s/Ruth I. Kraemer
Notary Public, State of Missouri

My commission expires Aug. 3, 1973."

Relator's contention for the dismissal of the claim is based upon the assertion that the claim as executed does not conform with § 473.380, RSMo 1969,[1] which provides as follows:

"1. No claim shall be allowed against an estate unless it is in writing, stating the nature and amount thereof, if ascertainable, and is *accompanied by an affidavit of the claimant,* or of some person for him who has knowledge of the facts, stating . . . to the best of his knowledge . . . he has given credit to the estate for all payments and offsets to which it is entitled and . . . the balance claimed is justly due. (Emphasis supplied.)

\* \* \* \* \* \*

"3. The affidavit . . . required shall not be received as any evidence of the claim but same shall be established by competent evidence before it is allowed or adjusted."

Relator concedes that whether or not the claim is accompanied by the required statutory affidavit is for determination by the probate court and that the court has the jurisdiction to hear evidence on the claim to classify and allow it or to disallow it, if accompanied by the required statutory affidavit. Conversely, if the claim is not accompanied by the required statutory affidavit, the probate court does not have jurisdiction to hear evidence thereon or to allow or to classify the claim. Wagoner Undertaking Co. v. Jones, 134 Mo.App. 101, 114 S.W. 1049 (1908); Fitzpatrick v. Stevens, 114 Mo.App. 497, 89 S.W. 897 (1905); and St. Louis Fire & Marine Ins. Co. v. Wagoner, 119 S.W.2d 1007 (Mo.App.1938).

On the basis of the above-cited cases, Relator asserts that the claim is not accompanied by an affidavit because claimant's name is on the line provided for his signature as claimant and his signature at that place merely identified him as claimant, since his name does not appear anywhere on the claim above his signature. Relator claims this is particularly true if the form of statutory affidavit beneath his signature had been executed and subscribed by some person for him who had knowledge of the facts as provided in § 473.380(1). In other words, according to the Relator, it is necessary that a claimant sign a claim as such for identification purposes and that he, or some other person for him have knowledge of the facts and swear to them. We disagree.

The claim form filed by Bernhardt A. Schaeffer was on a form supplied by the probate court expressly for this purpose. The form is entitled "Claim and Notice of Filing and Hearing Thereof." It contains a notice of date on which the claim was

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise noted.

filed, the method of computing the hearing date, a statement of the claim, and the lower half of the form contains the elements about which the present controversy exists. A claimant's signature line is provided on the form and labeled as such. Directly thereunder is language setting out the statutory requirements relating to credits and offsets having been duly given to the estate. A signature line is included below this language which line is not labeled in any manner to indicate whether it is provided for the use of the claimant or for some other person. In the present case, this line is signed by one "Ruth I. Kraemer" and her stamp placed thereunder showing that she is a notary public. Immediately opposite, i. e., to the left of the notary's signature and shown on three lines: (1) the date, (2) City of St. Louis, and (3) the State of Missouri. A bracket placed to the right of the three lines has its center pointing directly at the line signed by the notary.[2]

■■ An examination of the claim form shows that it is signed and notarized. The chief essentials of an affidavit are that it be sworn to or affirmed before some legally authorized officer. Thompson v. Self, 197 Ark. 70, 122 S.W.2d 182, 183 (1938). An affidavit is simply a declaration on oath, in writing, sworn to by a party before some person who has authority to administer such oaths and it is not necessary that the affidavit have a caption or be entitled in any cause or particular way. Without a caption it is nevertheless an affidavit. Hays v. Loomis, 84 Ill. 18, 19 (1876). Our examination of the document filed herein by claimant viewed in the light of the *Thompson* and *Hays* cases, clearly shows it to be an affidavit. We reject relator's argument that there must be two separate documents, and he has failed to cite us to any authority in support of this claim.

■■ With regard to the sufficiency of a claim the court in Jensen v. Estate of McCall, 426 S.W.2d 52 (Mo.1968), interpreting § 473.380 stated that a demand filed against an estate is not to be judged by the strict rules of pleadings and is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific so that a judgment based thereon will be res judicata as to the obligation on which it is based. In Lenk Wine Co. v. Caspari, 11 Mo.App. 382 (1882), the court noted: " . . . And it is enough that the affidavit substantially complies with these requirements . . . It need not be in the words of the statute . . . " From the quoted language, it is apparent that courts, as early as 1882, were concerning themselves with substantial, not strictly literal statutory compliance. Indeed, cited with approval in the Estate of McCall case, *supra,* the court in In re Franz' Estate, 245 S.W.2d 1 (Mo.1952), reiterated this position when it stated: "It is well settled that 'a demand filed in a probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court (at page 4) . . . No formal pleadings are required in the presentation of demands in the probate court (at page 5) . . . Clearly the Legislature intended to make it easy for persons not learned in the law to present their demands against estates in the probate court and on appeal in the circuit court without being held to technical formalities and rules. Our courts have steadfastly refused to narrow the construction or restrict the application of the statutes cited . . . " In light of the long-standing and repeated convictions on the part of the courts in this regard to liberally construe the language of the present statute under a standard of substantial compliance therewith, we hold that the claim form submitted by the

---

2. Subscribed and sworn to before me, this 21st day of November, 1972.
City of St. Louis
State of Missouri

/s/ Ruth I. Kraemer
Notary Public, State of Missouri
My commission expires Aug. 3, 1973.

claimant is within the limits so stated for compliance.

We hold that the claimant has complied in substance, if not in form, with the provisions of § 473.380. He appeared before a notary public and made the required oath and his signature appears on the claim. To hold that claimant is barred from pursuing his claim simply because, after signing it and acknowledging it under oath, he failed to sign it would, we think, put form over substance. This we refuse to do. As was said in Potter v. Ritchardson, 360 Mo. 661, 230 S.W.2d 672 (1950), in speaking of the mandatory requirements for the execution of wills: " . . . the ultimate fact is whether a testator's name was written with an intention on his part to make the document effective as his will; that the location of the name is an evidentiary fact relating to that intent; and that the name was not 'subscribed' is not conclusive that the required intent was not present . . ."

Judgment affirmed.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.