Middleton *v.* Frame.

MIDDLETON & RILEY, Defendants in Error, *vs.* FRAME, Plaintiff in Error.

1. Under the practice act of 1849, a plaintiff may amend a petition incorrectly stating the christian name of the defendant; and so in an attachment suit, he may make a similar amendment in the affidavit and bond.
2. Where a debtor fails to designate the application of a payment, the rule is that the creditor may make the application.

### Error to Buchanan Circuit Court.

Suit by attachment on three notes, signed H. T. Frame. The name of the defendant was stated in the petition, affidavit and bond as "Henry T. Frame." The writ issued against *Hiram* T. Frame, and the sheriff's return stated that it was levied on property of H. T. Frame. At the return term, Hiram T. Frame filed an interplea, claiming the property attached. On the same day, the plaintiffs were allowed to amend their petition by inserting Hiram T. Frame as the name of the defendant; and

obtained leave to file at a subsequent day an amended affidavit and bond. After the amendment of the petition, defendant filed a motion to quash the writ and dismiss the suit, because no bond and affidavit had been filed as required by law. Pending this motion, plaintiffs filed an amended affidavit and bond pursuant to the leave granted. The defendant then moved to strike out the amended affidavit and bond, which was overruled. Exceptions were taken to the action of the court in allowing the various amendments and overruling defendant's motions. After verdict for plaintiffs upon a plea in abatement, the defendant filed an off-set. The plaintiffs replied to the off-set, in substance, that the items mentioned in it had been received in payment of an account against the defendants, which had accrued since the execution of the notes sued upon. The instructions given at the trial are set out in the opinion of the court. There was a verdict for plaintiffs, and defendant sued out this writ of error.

*Loan*, for plaintiff in error.

*Gardenhire*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The new code gives great latitude to the inferior courts in allowing amendments. (Art. 2, § 5.) "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any respect material to the case, or by conforming the pleading or proceeding to the facts proved." This entire article is devoted to mistakes in pleading, amendments and new trials.

Heretofore, the courts were loth to allow amendments in suits by attachments. Such suits were held to be of strict law. For the last twelve or fifteen years, the decisions of our courts have been much more liberal, and the acts authorizing the proceedings by attachment have, in some measure, been declared reme-

dial and deserving of liberal construction.   See *Tevis, Scott & Tevis* v. *Hughes*, (10 Mo. Rep. 381.)   This new code declares that " suits may be brought by attachment in the cases, and conducted in the manner authorized by statute in such cases ; provided, that the pleadings and procedure shall be, as near as may be, according to the provisions of this act." (Art. 5, § 15.)

In the opinion, then, of this court, the Circuit Court committed no error in allowing the various amendments in the proceedings before it.   These amendments were not so made as to injure the defendant.   They were obviously designed to further justice, and to make a speedy termination of the matters in dispute.

The court gave the several instructions prayed for by the parties, which are as follows : " 1. That if the jury believe from the evidence, that defendant furnished to plaintiffs the articles and money mentioned in the off-set, or any of them, they will allow him therefor the value thereof, as an off-set against said notes, if the same do not exceed the sum due by said notes ; if the value thereof exceeds the sum due by said notes, they will find in favor of defendant for such excess, unless the jury further find that said defendant, Frame, delivered said articles to plaintiffs in payment for an account that plaintiffs then held against defendant."

" 2. If the jury find that, at the time said Frame delivered to plaintiffs the property and money mentioned in his set-off, there were mutual accounts between plaintiffs and defendant, they will find for defendant the amount of the money, and the value of the property he delivered plaintiffs, as charged in his off-set, and they will exclude from their consideration the account filed with the plaintiffs' replication, and all evidence relating thereto, unless the jury further find from the evidence that said property and money were delivered by defendant to plaintiffs as a payment on said account."

The rule of law is properly stated in the plaintiffs' instructions.   If the party paying fails to designate or direct the

payment to be placed to his credit on a certain or particular demand, and there be several demands against him in favor of the creditor, then, in the absence of any direction how and where to give credit, the creditor may place it as a payment on any of his demands at his own option. There is nothing, then, in the objection by plaintiff in error against these two instructions of the plaintiffs below.

If the instructions given for the defendant below contain any principle seemingly in contradiction to the instructions of the plaintiffs, and, consequently, become thereby erroneous, the error, if there be any, is in favor of the defendant, and cannot be set up here by him against the judgment below.

These instructions, to say the least, were as favorable as the facts and the law would authorize for the cause of the defendant; and if the jury still found against him, it is owing to their estimate of his conduct, when the account was shown to him, with the credits and his acquiescence or silence on the subject.

Upon the whole case, it is the opinion of this court that the judgment below should be affirmed. Let the judgment be affirmed, the other judges concurring.