W. W. STEWART, Respondent, *v.* S. C. CABANNE,
Appellant.

February 10, 1885.

1. ATTACHMENT — EVIDENCE. — The grounds of attachment being alleged in the alternative, it is sufficient to support a verdict for the plaintiff if the evidence supports either of the grounds.

2. —— VERDICT. — A verdict that the defendant was about to "fraudulently convey *and* assign" his property so as to "hinder *and* delay his creditors" is good.

3. —— FRAUDULENT CONVEYANCES. — A conveyance is fraudulent in the sense that it will support an attachment if made by the mortgageor with fraudulent intent, although it may be valid as to the second creditor secured.

4. —— AFFIDAVIT. — An affidavit in attachment which reads: "The defendant ———— about fraudulently to convey and assign ———— property and effects so as to hinder and delay ———— creditors" may, on the trial, be amended by inserting the word "is" in the first blank, and the word "his" in the second and third blanks, where it does not appear that the amendment would prejudice the defendant.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed.*

R. W. GOODE and A. R. TAYLOR, for the appellant.

L. S. METCALFE, JR., G. M. STEWART and G. A. FINKELNBURG, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is a suit by attachment. Five of the statutory grounds of attachment are assigned in plaintiff's affidavit. It is well settled that if the evidence, under correct declarations of law, supports any of the grounds relied on in the affidavit for an attachment, it will support a verdict of the jury for plaintiff. In this case the jury were instructed by the court, that if they found for plaintiff on some, but not all of the grounds alleged, they should specify the grounds upon which they find for plaintiff, and then state that they

find for defendant as to the other grounds assigned in the affidavit. The jury returned the following verdict : —

"We, the jury, find that at the date of issuing said attachment, said defendant was about to fraudulently convey and assign his property and effects, so as to hinder and delay his creditors, as stated in the affidavit.

"We, the jury, find for the defendant as to the other grounds assigned in said affidavit."

The ground on which the jury found for plaintiff was one of the five grounds assigned, and judgment was entered for plaintiff on the plea in abatement.

It is claimed by defendant that this verdict is bad, because it uses the word *and* in three places, where the word *or* would have been sufficient, that is that the jury found more than was sufficient to justify the attachment. The case of *Crow* v. *Beardsley* (68 Mo. 439), is referred to in support of that view. There, the jury were instructed that, in order to find for plaintiff, they should find that the deed was made to hinder, delay, *and* defraud defendant's creditors. The instruction there given was held bad on plaintiff's appeal, the court holding that an intention to either hinder *or* delay *or* defraud was sufficient. If the instruction would have been held bad on defendant's appeal we might see some relevancy in the reference. The defendant here can not complain, that the jury did not find that he was about fraudulently to convey *or* assign his property *or* effects, so as to hinder *or* delay his creditors, when they found that he was about fraudulently to convey and assign his property and effects, so as to hinder and delay his creditors, because the conjunctive necessarily includes the disjunctive.

The only ground on which the jury found for plaintiff being the one above stated, and the testimony in the record being ample to support the finding, the question arises whether the instructions of the court on that part of the case were correct. There were sixteen instructions asked by the defendant, five of which the court gave, and eleven

of which it refused. The court of its own motion gave three instructions to the jury, which embodied substantially all the law asked by defendant in his instructions refused, having any bearing on the question under investigation. The instructions given by the court of its motion, together with the instructions given on defendant's behalf, placed his case fully and fairly before the triers of the fact.

The defendant was a merchant, and the evidence tending to show his fraudulent intent to convey or assign his property, consisted of certain declarations made by him prior to the attachment, followed, immediately after the attachment, by the execution of a chattel mortgage to his mother for the sum of $6,000, covering all his stock in trade, and the execution of another mortgage for the sum of $2,000, to the same party, some time thereafter. There was evidence tending to show that the defendant had threatened shortly prior to the attachment to fix his property, so as to defy attachments. That he made many contradictory statements concerning his assets, liabilities, and solvency. That a short time prior to the attachment he declared himself solvent, and thereafter, within an interval of a few days, said in succession that he would not be able to pay more than ninety cents on the dollar, than seventy-five cents on the dollar, than twenty-five cents on the dollar, until immediately preceding the attachment, he addressed a circular letter to his creditors offering twenty cents on the dollar in full settlement of all his liabilities. There was also evidence tending to show that while he repeatedly spoke of his liabilities to his creditors, he never, until shortly before the attachment, mentioned his mother as a creditor, and that his mother's name was not on a schedule of his liabilities exhibited to one of the creditors shortly before the attachment.

Under these circumstances it was certainly no error to give plaintiff's sixth and seventh instructions, which seem

to be those mainly complained of by defendant. These instructions were as follows : —

"6. If the jury believe from the evidence that when the mortgages to Virginia E. Cabanne, read in evidence, or either of them were made, the defendant was not in fact indebted to her in the amount therein stated, but that the same or either of them were executed for fictitious debts,. for the purpose of covering up his property and effects, and in order to keep the same from the reach of his creditors, and that he had the intention of executing said mortgages or either of them when this suit was instituted, then the jury must find for plaintiff.

"7. Although the jury may believe that the mortgages dated June 11, 1883, and June 29, 1883, copies of which have been read in evidence, were executed by defendant for the purpose of securing *bona fide* debts due from defendant to his mother, Virginia E. Cabanne, and that said Virginia E. Cabanne may have acted throughout said transaction in good faith, yet if they find from the evidence that any part of the purpose of the defendant in making said deed was to keep off his creditors, or to hinder or delay them in collecting their debts against him, or to cover up his property from them, and that he intended or was about to make said conveyances or either of them with any such intent or purpose at the time this suit was commenced, then the jury must find a verdict for plaintiff."

Both are supported by the evidence and warranted by the law. *Enders* v. *Richards*, 33 Mo. 600 ; *Taylor* v. *Myers*, 34 Mo. 82 ; *Burgert* v. *Borchart* 59 Mo. 83, 84.

Defendant has also assigned as error the action of the trial court in amending plaintiff's affidavit for an attachment. After plaintiff had closed his case, and while one of defendant's witnesses was being examined, the trial court discovered that the affidavit whereon the attachment was

issued was defective. The affidavit consisted, as the record shows, of a printed form, and some of the blanks left by the printer were not filled. The alleged ground of attachment on which the jury found for plaintiff, read thus : —

" That the defendant ——— about fraudulently to convey and assign ——— property and effects, so as to hinder and delay ——— creditors."

The court thereupon, against the objection of defendant, amended the affidavit and inserted the word *is* in the first blank, and the word *his* in the second and third blanks. This action of the court the defendant excepted to at the time.

There was no claim advanced by defendant that he was taken by surprise by this action of the court, or that he was not prepared to go on with the trial of the cause, or that on account of the filling of these blanks, he was practically injured in any way. He had taken issue on the affidavit as filed, all his witnesses were in court, and the whole proof which was heard by the court prior to the amendment, without any objection on part of defendant on that account, bore upon the facts that he *was* at the date of the attachment about fraudulently to convey *his* property and effects, so as to hinder and delay *his* creditors.

We are free to say that if the omissions in the affidavit and its subsequent amendment would have been shown to have in any manner substantially prejudiced the defendant, we would not hesitate to vacate the verdict, although otherwise apparently just, on that ground alone. Our statute of jeofails was not devised to encourage slattern pleading or to educate a bar in carelessness.

But as there is nothing in the record to show that any injury was done defendant by the action of the court, as the amendment consisted only in supplying clerical omissions, so as to make the affidavit conform to what the affidavit intended to say, and to what the proof supported ; as the amendment under the rule laid down in *Middleton*

v. *Frame* (21 Mo. 412) was permissible; we are satisfied that this is not one of those cases where we are compelled by law to visit the negligence of the attorney on his unoffending client.

Judgment affirmed. All the judges concur.