SOUTH MISSOURI LAND COMPANY, Appellant, v. HENRY JEFFRIES, Respondent.

### St. Louis Court of Appeals, April 1, 1890.

1. **Evidence:** JUDICIAL NOTICE. The court knows judicially that the abbreviation "Supt." stands for the word superintendent, and that a superintendent is a managing officer.

2. **Corporations:** SEALS. A corporation can only execute a formal bond with its corporate seal, countersigned by an officer entitled to affix its seal.

3. **Justices of the Peace:** REPLEVIN. In an action of replevin ( instituted in the case at bar before a justice of the peace ) the bond requisite to an order of delivery need not be executed by or in the name of the plaintiff, but may be given on behalf of the plaintiff by and in the name of a third person as principal.

4. ———: ———. If, in an action of replevin, instituted before a justice of the peace, the bond given to procure an order of delivery is invalid, that is not ground for the dismissal of the action ; but *semble*, that the circuit court might, on an appeal of the cause, require new bond.

5. ———: ———: AMENDMENT. If the statement and affidavit filed before the justice in such action be not nullities, they may be amended in the circuit court on such appeal.

*Appeal from the Howell Circuit Court.*—HON. JAMES ORCHARD, Special Judge.

REVERSED AND REMANDED.

*Olden & Green*, for the appellant.

*Evans & Clarke*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action of replevin, commenced before a justice of the peace. In the circuit court a motion was made to dismiss the cause, on the following grounds : *First.* Because there was no affidavit to the plaintiff's statement. *Second.* "Because the bond, both for replevin and appeal, is not signed by the proper officer of the South Missouri Land Company, a corporation." The circuit court sustained the motion, and the plaintiff prosecutes this appeal.

The statement is subscribed by the "South Mo. Land Co., W. E. Drew, Supt." It purports to be sworn to by W. E. Drew, who in the affidavit is described as "Supt. Mo. Ld. Co.," but the affidavit is not signed by him. In all other respects it is formal. The statute ( Revised Statutes, 1879, section 2882 ) provides that the statement "shall be verified by the affidavit of the plaintiff, his agent or attorney." The court knows judicially that the abbreviation "Supt." stands for the word superintendent, and that a superintendent is a managing agent. This affidavit is, therefore, verified by the plaintiff's "agent," and is hence sufficient, except for the informality above mentioned.

The replevin bond was signed as follows: "So. Mo. Land Co., W. E. Drew, Supt., A. G. Hollenbeck." It is nowhere stated in the proceedings, except in the defendant's motion to dismiss, that the plaintiff is a corporation, except so far as an inference arises from its possessing a name such as is appropriate to an incorporated company. But, whether a corporation or not, the bond is a nullity, so far as it purports to be the

bond *of the corporation*. If a corporation, it could only execute a formal bond by its corporate seal, countersigned by an officer entitled to affix its seal,—that is, by its president or secretary. If not a corporation, but a mere voluntary association, its members. could not bind themselves by assuming a corporate name and signing a bond by such name. But the bond is not a nullity for the reason that it is not good as the obligation of the plaintiff. The statute (Revised Statutes 1879, section 2884), provides that, "If the plaintiff shall deliver to the justice a bond, executed *by one or more sufficient sureties*," etc., the justice may make a delivery order of the property. And although the next section, which gives a form in which the bond *may* be executed, contemplates that it. shall be signed by the plaintiff, which is certainly usual and proper,—yet, the statute above quoted does not make this necessary. Undertakings for plaintiffs in judicial proceedings are very commonly given by third parties. The joinder of the plaintiff therein is in strictness not necessary, since he is liable without it. Thus, in the case with which we are dealing, the plaintiff is liable for the return of the property, if cast in the suit, equally, whether he signs the replevin bond or not, and the bond although not signed by the principal, is binding on the surety.

But, assuming that the replevin bond in this case is a nullity, it would afford no reason for dismissing the suit, since the action might have been prosecuted without bond. R. S. 1879, sec. 2887. The circuit court might, it seems, under a provision of the general statute relating to replevin (Revised Statutes, 1879, sec. 3851), have required the plaintiff to give a new bond, and, in default thereof, might have ordered the property to be delivered to the defendant; but the nullity of the bond (assuming it to be void), or the entire absence of a bond, would afford no reason for dismissing the suit.

The plaintiff, before the motion to dismiss the suit was decided, asked leave of the court to allow W. E.

Drew, the superintendent of the plaintiff, to sign the affidavit, which leave the court refused. This was error. *Crum v. Elliston*, 33 Mo. App. 591. See, also, *Claflin v. Hoover*, 20 Mo. App. 314.

The plaintiff also, before the motion to dismiss had been decided, asked leave to file an amended statement and affidavit, which the court denied. This was error, for the reason stated in the cases just cited. The statement and affidavit were not so defective as to be nullities within the meaning of the decision of the Kansas City Court of Appeals, in *Turner v. Bondalier*, 31 Mo. App. 582. See, also, *Stewart v. Cabanne*, 16 Mo. App. 517; *Middleton v. Frame*, 21 Mo. 412.

The judgment will be reversed and the cause remanded. All the judges concur.