ODLEY WHITE, Respondent, v. CLARK GRACE, Appellant.

Kansas City Court of Appeals, April 3, 1916.

1. REPLEVIN: Affidavit: Jurisdiction: Action in Circuit or Justice Court. An action in replevin may be maintained in the circuit court without an affidavit, though the property may not be be seized until after judgment. But an affidavit is necessary to the jurisdiction of a justice of the peace in such action. The statutes and cases distinguished.

2. ———: **Infant: Next Friend: Dismissal.** An infant properly cannot institute an action in replevin without appointment of a next friend. But if he *does* institute such action without such appointment, it will not be dismissed if some one is then appointed to act.

3. ———: **Affidavit: Infant.** Though an affidavit is necessary to the jurisdiction of a justice of the peace, yet one made by an infant plaintiff who is competent to testify is sufficient.

Appeal from Worth Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

*Dubois & Miller* and *Kelso & Kelso* for appellant.

*J. E. Engle* and *Phil S. Gibson* for respondent.

ELLISON, P. J.—Plaintiff instituted this action of replevin in a justice of the peace court. On appeal to the circuit court he recovered judgment.

Plaintiff was an infant nineteen years of age when he brought the action by filing his complaint verified by his affidavit. A next friend was not appointed. The justice issued a writ of replevin, the property was taken and on the day of trial defendant, discovering that plaintiff was an infant, moved to dismiss the case on that ground. Plaintiff's attorney thereupon filed his written consent to act as next friend; the justice appointed him and then overruled the motion to dismiss. The next friend did not make affidavit to the complaint.

Defendant made claim in the circuit court that the justice had no jurisdiction, nor had the circuit court on appeal, for the reason that there was no affidavit filed at the institution of the suit as required by sections 7759, 7760 Revised Statutes 1909. His point of objection is that without an affidavit, the justice has no jurisdiction to issue process, and that an infant could not make the affidavit. That there must be an affidavit we concede. The affidavit is the basis of the action,

without which the justice has no jurisdiction. [Turner v. Bondalier, 31 Mo. App. 582; Commercial Bank v. Ketcham, 48 Neb. 5668; Elliott v. Whitmore, 5 Mich. 532; Bloomingdale v. Chittenden, 75 Mich. 305; Evans v. Bouton, 85 Ill. 579; Cobbey on Replevin, secs. 525, 526, 527, 529; Wells on Replevin, secs. 650, 651.]

The statute (Sec. 2637, R. S. 1909) in reference to actions in replevin in the circuit court is wholly unlike the foregoing statute governing such actions before a justice of the peace. It authorizes an action by merely filing a petition without affidavit and the case may proceed to judgment without taking the property; while before a justice of the peace, there can be no such action except upon affidavit—in point of fact the affidavit stands for the statement of the cause of action. In consequence of confounding these statutes this court in Zimmerman v. Downey, 66 Mo. App. 106, and the St. Louis Court of Appeals in Bingham v. Morrow, 29 Mo. App. 450, stated that an affidavit was not necessary in an action before a justice of the peace; though the latter court, in a later case, (Undertaking Co. v. Jones, 134 Mo. App. 101) recognized the distinction. In both the Zimmerman and Bingham cases, the authorities relied upon were cases instituted in the circuit court.

The foregoing brings us to the question whether an infant can, in law, make an affidavit so as to give jurisdiction so as to give jurisdiction to a justice of the peace. The statute (Sec. 7435) prohibits the bringing an action by an infant before a justice "until a next friend for such infant shall have been appointed" by the justice. But it is directed by section 7436 that if a suit is instituted by an infant without such appointment, it shall not be dismissed, if any suitable person, when the incapacity is questioned, will consent in writing to become his next friend. So when plaintiff's attorney was appointed his next friend by

White v. Grace.

the justice, at the trial, we think the act was justified by the statute. But the next friend did not then make an affidavit, and, as we have just stated, the question is whether the infant plaintiff's affidavit is a legal affidavit so as to confer jurisdiction on the justice to entertain an action in replevin. We feel constrained to hold that it is. An infant, who is of sufficient age to understand the nature of the proceedings in which he is acting, including the nature of an oath, can testify in court and to make affidavit in court is no more than that—the one being oral and the other written, ought not to make any difference.

Defendant relies much on Turner v. Bondalier, 31 Mo. App. 582. But we think the case does not apply. We there held that an infant could not appoint an agent to make an affidavit for him. By reference to the case, it will be seen that that is no authority for the claim that he could not make the affidavit himself.

We think the judgment should be affirmed. All concur.