I. J. CINDRICK, APPELLANT, v. WILLIAM SCOTT AND ELIZABETH SCOTT, RESPONDENTS.—42 S. W. (2d) 957.

St. Louis Court of Appeals. Opinion filed November 3, 1931.

*Stout & Spencer* and ·*G. H. Suelthaus* for appellant.

*David B. Russell* and *William H. Bray* for respondents.

HAID, P. J.—This is an appeal from the judgment of the circuit court of St. Louis County in favor of defendants·in a replevin proceeding.

The proceeding was originally instituted against William Scott before A. Fiedler, a justice of the peace, by filing a petition of replevin in the usual form supported by affidavit and on December 10, 1929, an order of delivery was entered by the justice, the property

was seized by the Constable to whom the writ was directed. On December 31, 1929, the defendant William Scott filed an affidavit for change of venue and the cause was transferred to Justice Chase. On February 1, 1930, plaintiff filed an affidavit for change of venue and the cause was transferred to Justice Peters. On February 10, 1930, plaintiff filed an amended petition and affidavit against William Scott and Elizabeth Scott; Elizabeth Scott was served with summons returnable February 27, 1930, and on February 27, 1930, defendants William Scott and Elizabeth Scott filed their joint answer to plaintiff's amended statement and subsequently filed in the circuit court their joint amended answer.

The facts show that Mrs. Elizabeth Scott purchased a radio from the plaintiff for $160, of which $40 was paid at the time of the execution of a chattel mortgage therefor, October 10, 1929, and $40 was to be paid on the 15th day of each month thereafter until the entire purchase price was paid. The mortgage provided, among other things, that in case of default in payment of any installment due, or if any attachment or levy is made, or any proceeding in bankruptcy is instituted by or against the mortgagor or her property, the entire amount should become immediately due and payable, and consent was given that the mortgagee might collect the amount due, or without notice or liability for damage, take possession of said property, whereupon all payments made should be deemed and considered as having been made for the use of said merchandise and should be retained by the mortgagee.

The testimony showed that the payment made at the date of the execution of the mortgage was the only amount paid and that there was due the sum of $120; that demand was made for the balance, $120 but no part of it was paid; that plaintiff obtained possession of the radio prior to the time he swore and signed the amended affidavit and statement; that the radio was in Mr. William Scott's home right after it was sold but that plaintiff knew the radio was not in the possession of Mr. Scott at the time that he swore to the amended petition; that plaintiff executed the amended statement because Mr. Strubinger, an employee of his, had filed suit against Mr. Scott alone.

Plaintiff offered in evidence Exhibit "B" which was a joint counterclaim filed by the defendants in the justice court.

The plaintiff having rested, the court, at the instance of the defendants, granted an instruction directing the jury to find a verdict in favor of defendants. Judgment was accordingly entered, from which this appeal is prosecuted.

It thus appears from the foregoing statement that plaintiff made a prima-facie case entitling him to go to the jury, because the gist of the action of replevin is plaintiff's right to the immediate possession of the property and defendant's wrongful detention of it at the

commencement of the suit. [Shantz v. Shriner, 167 Mo. App. l. c. 643, 150 S. W. 727, and cases cited; Kerman v. Leeper, 172 Mo. App. l. c. 289, 157 S. W. 984; Cook v. Wheeler (Mo. App.), 218 S. W. l. c. 932, and cases cited.]

As the statement shows, the plaintiff, after the seizure of the radio by the Constable, but before judgment, filed an amended petition in which he joined Mrs. Elizabeth Scott, and supported same by affidavit. To this amended petition the defendants in the circuit court filed their joint answer, consisting of a general denial and alleging that at the time of the institution of the action they were the owners and in possession of the radio described and that they are now the owners and entitled to the possession thereof, etc.

Section 2470, Revised Statutes 1929, provides that ''Any justice may, in open court and at any time, in furtherance of justice and on such terms as may be proper, on motion of either party, allow any complaint, summons, writ or other proceeding to be amended and permit new parties as co-plaintiffs or co-defendants to be added and correct a mistake in the name of either party.''

And by section 2360, Revised Statutes of Missouri 1929, upon appeals from the judgment of a justice of the peace, certain amendments may be made in the appellate court when substantial justice will be promoted, with the provision that no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment.

The tendency of our decisions has been to give a liberal construction to these statutes to the end that substantial justice may be done. [Gunther Bros. v. Aylor, 92 Mo. App. l. c. 166; Commission Co. v. Milling Co., 136 Mo. App. l. c. 369, 116 S. W. 1112; Crum v. Elliston, 33 Mo. App. l. c. 594; So. Mo. L. Co. v. Jeffries, 40 Mo. App. 360; Dowdy v. Wamble, 110 Mo. l. c. 284, 19 S. W. 489; Esty v. Walker (Mo. App.), 253 S. W. l. c. 39; Adams v. Goldman (Mo. App.), 253 S. W. l. c. 195; Sprague v. Follett, 90 Mo. 547, 2 S. W. 840.]

Whether or not the filing of the amended petition in this case was allowable under the provisions of section 2470, because of the addition of Elizabeth Scott as a party defendant, is not before us for the reasons presently to be stated.

When plaintiff filed his amended petition, he necessarily abandoned the first petition and the case was for trial on such amended petition (Bobb v. Bobb, 89 Mo. l. c. 418, 4 S. W. 511; State ex rel. Johnston v. Hiller (Mo. App.), 295 S. W. l. c. 133, and cases cited) and such amended petition related back to the institution of the suit (Lumber Co. v. Realty Co., 171 Mo. App. l. c. 629, 154 S. W. 846) and, consequently, all the allegations of the amended petition related back as of the institution of the suit. In fact the answer of the defend-

ants is, "that at the time of the institution of this action they were the owners and in possession" of the described property.

While the defendants were not required to file a pleading in the justice court, they in fact did file a joint answer and are bound thereby. [Gentner v. Johnson (Mo. App.), 270 S. W. 1. c. 443.] Not only so but when the case reached the circuit court on appeal the defendants filed their amended joint answer. In thus pleading and going to trial on the amended petition they waived any objection they might have had by reason of the joining of an additional party defendant. [Williams v. Sanders, 69 Mo. App. 1. c. 613; State ex rel. v. Dew, 312 Mo. 1. c. 304, 279 S. W. 65.]

It results that the ruling of the trial court in granting the peremptory instruction was error, and the judgment will, therefore, have to be reversed and the cause remanded to the circuit court. It is so ordered. *Becker* and *Nipper*, *JJ*., concur.