DELLA WILLIAMS, ADMX., RESPONDENT, v. CHARLESTON BURIAL ASSOCIATION, A CORPORATION, APPELLANT.—73 S. W. (2d) 351.

Springfield Court of Appeals. June 21, 1934.

*J. C. McDowell, W. E. Coffer* and *Jos. A. Lutz* for appellant.

*T. B. Russell* for respondent.

ALLEN, P. J.—Respondent concedes that appellant's statement in this court fairly stated the case, except, in omitting to state that respondent in her original petition alleged that the burial certificate out of which this controversy arose, was in the possession of appellant at the time suit was filed before the justice of the peace.

The statement of appellant, pertinent to the issue, is in substance as follows:

### STATEMENT.

Plaintiff, individually sued in the justice court, on a burial certificate previously issued to her sister, the deceased. The verdict of the jury was for plaintiff, and defendant appealed to the circuit court, where respondent, by leave, amended her petition and proceeded with her suit, as administratrix of her sister's estate. Appellant refused to further appear for reasons hereinafter stated. Judgment by default, was rendered against appellant and after judgment, appellant filed a motion to set aside the same, which was overruled and the case appealed to this court.

In support of the motion to set aside the default judgment, appellant offered in evidence the petition and answer in the justice court, the justice transcript, the demurrer in the circuit court and the amended petition.

The defendant is a corporation, organized and maintained for the purpose of providing for and issuing to each member a burial certificate, entitling such member to burial services and supplies to a stipulated amount. Vioda Parks, deceased, was accepted as a member and paid the fee required, but it is claimed by defendant, in its answer that she made certain false warranties, as to her age and the state of her health, and thereby did not in law, ever become entitled to benefits. The defendant claimed to have tendered to the plaintiff after the death of Vioda Parks, a cash sum equaling the membership fee. Liability was denied and suit was brought by respondent for $150, the amount of burial benefit provided for in

said certificate, for which payment was refused because of alleged false warranties as to being under sixty-five years of age, when it is alleged that she was over sixty-five years of age and that she was in good health, when it is alleged she was in the last stages of pulmonary tuberculosis when she signed the application for membership in the defendant association. Respondent, her sister, brought this suit in March, 1933, and upon defendant's appeal to the circuit court there filed her amended petition, as administratrix of deceased, where appellant refusing to further appear, respondent was awarded a default judgment.

Respondent's original petition before the justice of the peace was as follows:

"Plaintiff says that she is a sister of one Vioda Parks, deceased; that the said Vioda Parks died on or about the twenty-third day of March, A. D. 1933; that defendant is a corporation, organized and existing under the laws of the State of Missouri, and more particularly Article 10, Chapter 32, Revised Statutes of 1929, and amendments thereto, with power to sue and be sued as such; that on or about the eleventh day of March, last, this plaintiff made application to defendant for and on behalf of the said Vioda Parks, for membership in defendant association; that thereafter on or about March 11th, defendant issued to the said Vioda Parks a certificate of membership in said association, which certificate is in words and figures as follows, to-wit:

" 'The Charleston Burial Association, of Charleston, Missouri.

" 'This is to certify that Vioda Parks having paid the required membership fees, and having designated and elected to take a burial benefit Class C, not exceeding $150 and further qualified by promising to be loyal to said Association and governed by its By-Laws, is entitled to this CERTIFICATE OF MEMBERSHIP, in the Charleston Burial Association, of Charleston, Missouri, and to all the benefits of the Association as set forth in the By-Laws, so long as she shall remain a member thereof.

" 'In Witness Whereof, the signature of the Secretary-Treasurer is hereunto affixed at Charleston, Missouri, this 12th day of March, 1933.

" 'C. B. WATSON,

" 'Secretary-Treasurer.' "

Alleging also that the said certificate was in defendant's possession, and concluding with a prayer for judgment.

Upon a change of venue granted defendant, to W. D. Cain, Justice of the Peace, appellant filed its answer as follows:

"ANSWER.

"Now comes the defendant and states that plaintiff has no authority to bring this suit; that at the time of the taking out of the policy herein sued on the assured warranted and represented that

644

she was sixty-three years of age and in truth and fact she was over the age of sixty-five years, which she knew. And at the time of the taking out of the policy sued on the assured warranted and represented that she was in fair health, meaning that her health was reasonably good, when in truth and fact she was then and had been for a long time suffering from and had pulmonary tuberculosis which she well knew and which made the assured uninsurable in this association, and at the time of the taking out of the policy herein sued on the assured warranted and represented that she was not being treated by a physician for any disease or ailment, when in truth and in fact she had been treated by a physician for several months, and since the twenty-first day of February, 1933, next preceding the date of the application for insurance in the defendant, The Charleston Burial Association; that there was paid as premiums on the policy sued on herein the sum of fifty cents, which sum defendant hereby tenders and pays into court for the parties entitled thereto.

"J. C. McDowell and
"Jos. A. Lutz,
"Attorneys for Defendant."

Upon a trial by jury, the following verdict was rendered:

"We, the jury, find for the plaintiff, Delia Williams, in the sum of $150."

From which defendant appealed to the circuit court. In the circuit court defendant filed a demurrer to plaintiff's petition, as follows:

"First: That plaintiff's petition fails to state facts sufficient to constitute a cause of action in this case.

"Second: Plaintiff's petition shows on its face that plaintiff herein is not authorized to bring this suit, inasmuch as she does not sue as the executor, administrator or personal representative of deceased."

Before a ruling thereon, plaintiff asked for and was granted leave to amend her original petition before the justice of the peace, which was granted and done by filing her petition as administratrix of the estate of Vioda Parks, deceased, as follows:

"IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, MISSOURI.

"Delia Williams, Administratrix of the Estate of Vioda Parks, Deceased, Plaintiff.

vs.

"The Charleston Burial Association of Charleston, Missouri, a corporation, Defendant.

"Plaintiff says that on or about the twenty-third day of March, 1933, Vioda Parks departed this life and that thereafter, to-wit, on the tenth day of April, 1933, letters of administration on the estate of Vioda Parks were duly granted to Delia Williams, the plaintiff, by the Probate Court of Mississippi County, in the State of Missouri,

and that thereupon the plaintiff duly qualified as such administratrix. Plaintiff for her cause of action says that defendant is a corporation organized and existing under the laws of the State of Missouri, and particularly Article 10, Chapter 32, Revised Statutes of 1929, and amendments thereto, with power to sue and be sued as such; that on or about the eleventh day of March, last, this plaintiff made application to defendant for and on behalf of the said Vioda Parks for membership in defendant association; that thereafter on or about March 11th, defendant issued to the said Vioda Parks a certificate of membership in said association, which certificate is in words and figures as follows, to-wit.'' Reciting the same contract stated in the original petition, filed before the justice and asking judgment. Appellant recites in the abstract of the record, in substance, as follows:

Thereafter on July 18, 1933, during the same term at which the plaintiff's amended petition was filed in the cause the same was called for trial; that defendant, appellant, insisted that the petition as amended, was a ''substitution of cause of action,'' and that the case was not triable until the next term of court and new service was necessary; made no appearance and judgment was rendered for respondent, in the sum of $150 with interest in the sum of $3. At the same term of the circuit court, to-wit on July 20, 1933, appellant filed its motion to set aside said judgment, which was by the court overruled; and defendant appealed to this court.

Appellant, in its brief, specifies five assignments of error, omitting the recital of the motion to set aside the default judgment, we shall consider the assignments of error, which are as follows:

I. Permitting plaintiff to take judgment by default.

II. To take judgment at the July Term, 1933, of said circuit court.

III. In rendering judgment by default, without service of summons.

IV. Permitting a substitution of causes of action.

V. Overruling the motion of the defendant to set aside the judgment.

We have carefully examined and considered the real and only issue involved in this case, to-wit: Was the last new or amended petition filed in the circuit court a change of the cause of action, pleaded in plaintiff's first and original petition, which first petition was brought in the name of Delia Williams, plaintiff, in which it was alleged that on March 11, 1933, the plaintiff made application to defendant for and in behalf of Vioda Parks (deceased) for a membership in defendant association, and that thereafter the defendant issued the same to the deceased, Vioda Parks, in the sum of $150.

The trial in the justice court resulted in a verdict for respondent, in said amount of $150; appellant by its attorneys of record, having filed before the justice, its answer hereinbefore set out in substance:

Upon its appeal to the Circuit Court of Mississippi County, de-

fendant filed its demurrer to respondent's first petition, and with consent of the court respondent filed her amended petition as administratrix of the estate of Vioda Parks, deceased. The case upon the original petition and verdict has been appealed in time to be triable at the then July, 1933, term of the Circuit Court of Mississippi County, where the case was called for trial, and the defendant refused to appear, contending that the facts stated in the amended petition were a "substitution of cause of action," and contending that the cause was not triable until the next term of the court, and that the judgment was void and that to render the cause triable required a new service; and at the same term of court appellant filed its motion to set aside the said judgment for the reasons appearing in appellant's assignments of error, upon which motion a finding on the question of substitution, in our opinion, is conclusive upon all.

The mere fact that this cause was originally brought before the justice of the peace and appellant filed his answer in which, while denying authority of plaintiff to bring this suit, out of abundance of precaution, also made further answer to the merits of the petition, by alleging that deceased made false representation in her appelication, as to her age and the condition of her health at the time the application was made for said policy. In the circuit court appellant demurred to respondent's original petition before the justice and before the ruling of the court thereon; respondent asked of the court to be and was permitted to file her amended petition, in which she continues to prosecute this cause, as administratrix of deceased, at which point appellant's counsel, for the reasons heretofore given, retired from further participating in the case, except after judgment, by filing its motion to set aside the judgment rendered in the circuit court, against appellant and its bondsmen on appeal, which motion being overruled, it has appealed to this court.

We, therefore, have but the one question submitted to us, namely, whether the amended statement, filed in the circuit court herein, designated a petition, changed the cause of action originally tried in the justice court.

In respondent's statement attention is directed to the fact that her original petition alleged that the burial certificate sued on was not in her possession at the time she filed this action, but was then in the possession of appellant.

Section 2358, Revised Statutes 1929, provides as follows:

"The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court, upon appeal. *Provided* that new parties plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court."

No new item or cause of action not embraced or intended to be included in the original petition, was added thereto. [See Sec. 2360, R. S. 1929.]

. After the amendment of the petition in the circuit court by respondent, as administratrix of the estate of Vioda Parks, deceased, the cause, as pleaded, was based upon the same burial certificate, pleaded the same facts in all particulars, except that she, by her amended petition sued as administratrix, the cause of action remained the same in every particular.

The ruling in the case of Eullinberg v. Quick Paymen Old Line Life Ins. Co., 261 S. W. 725, 1. c. 726, is conclusive in this case:

"The facts show that the policy sued upon in the original petition and the amended petition was the same contract. It follows that there was no substitution of causes of action for they were based on the same facts. The same policy was necessarily introduced in support of the amended petition as would have been offered in support of the original petition. Section 1274, supra, permitted amendments to pleadings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. Such mistake as existed was caused by defendant retaining possession of the policy. However, it is now the well-settled law in this State that the substitution of an entirely new party or party plaintiff is permissible." And cases therein cited.

The following rule is fixed in the case of Craig v. Metropolitan Life Insurance Company, 296 S. W. 1. c. 211.

"These later cases have uniformly held that the substituting of a party having the legal right to sue, instead of one improperly named as plaintiff, is permissible and does not change the cause of action." And cases therein cited.

It is clear from the examination of the record in the instant case, that the respondent in her original petition before the justice of the peace, intended to state the facts as she understood them to be, that is that her deceased sister held what is denominated a certificate of membership in The Charleston Burial Association, of Charleston, Missouri; that the respondent, as she alleged in her said petition had "made application to defendant for and on behalf of the said Vioda Parks (deceased) for membership in defendant association." Appellant's answer to said petition states, among other things, "that there was paid as premiums on the policy sued on herein, the sum of fifty cents, which sum defendant hereby tenders and pays into court for the parties entitled thereto." While not so specifically stated, the tender may be construed as a tacit admission that the fifty cent premium had been paid by respondent and that therefore the tender was made for her benefit.

Respondent's original petition was filed before the justice of the peace on March 28, 1933. While the letters of administration on estate of deceased were not issued until April 10, 1933, afterwards on June 10, 1933, respondent asked for and was granted permission to, and did file in the circuit court her amended petition as adminis-

tratrix of the estate of her sister, Vioda Parks, in which the allegations, except as to the statement of respondent's relation to the case, were precisely the same as were stated in her original petition. The cause of action remained exactly the same, as was stated in the original petition.

Section 2360, Revised Statutes 1929, provides as follows: "In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper."

In the case of Cindrick v. Scott et al., 42 S. W. (2d) 957, l. c. 959, p. 3, the court said:

"The tendency of our decisions has been to give a liberal construction to these statutes to the end that substantial justice may be done." And cases therein cited.

Same case page 4. "When plaintiff filed his amended petition, he necessarily abandoned the first petition, and the case was for trial on such amended petition. Such amended petition related back to the institution of the suit."

In the case at bar the plaintiff in the first and amended petitions was the same. The word administratrix was merely descriptive of the capacity in which she should hold the fruits of the result of her action, if any, remembering that the policy sued on was during the entire proceedings, in the custody of appellant. Such a construction of plaintiff's position must follow the conclusion of the court in the Cindrick Case (supra). "To the end that substantial justice may be done." It is our opinion that no other construction is reasonable if the purpose is to accomplish substantial justice; to do so a liberal construction of the statutes relating to causes originating in the courts of the justices of the peace should be the rule. It is a wise and benign policy of the statutory law to reduce the niceties of technical construction of the rules of procedure originating in those tribunals to the least common denominator.

It therefore follows, that appellant having answered in the justice court, pleading several affirmative matters of defense, appeared at the trial thereof and appealed from the judgment in the justice court, and at the next term of circuit court, on the first day thereof filed its demurrer to the plaintiff's petition, which resulted in defendant's appearance in the circuit court, for all purposes. Therefore, it must follow, that defendant, in further not appearing at the

trial in circuit court, after its demurrer is overruled, is bound by the results thereof—we so hold.

The judgment of the circuit court is affirmed. *Bailey* and *Smith, JJ.,* concur.