W. M. ELSEA, RESPONDENT, v. R. M. BASS, APPELLANT.—77 S. W. (2d) 164.

Kansas City Court of Appeals. November 13, 1934.

*Murrell & Murrell* for respondent.

*A. D. Campbell* and *John Campbell* for appellant.

SHAIN, P. J.—This action in replevin, to recover the possession of an automobile, motor No. 4742468, was instituted in the Justice of the Peace Court of Adair County, Missouri. Judgment was for the plaintiff in the justice of the peace court and the defendant appealed to the circuit court of said county.

Trial was had before a jury in the said Circuit Court of Adair County, Missouri. At the close of all the evidence, the court directed the jury to find a verdict for the plaintiff. Said verdict was so rendered and judgment entered in accordance therewith. From this judgment, the defendant duly appealed.

The appellant made assignment of errors, as follows:

"1. The court erred in refusing appellant's instruction No. 1.

"2. The court erred in giving respondent's instruction No. 1.

"3. The court erred in permitting the respondent to amend the statement in replevin.

"4. The court erred in overruling appellant's motion to dismiss the cause.

"5. The court erred in striking out evidence admitted on the part of appellant, viz., the assignment on the back of Exhibit B, and striking Exhibits A, C, D, F, G and H.

"6. The court erred in directing verdict for the respondent."

### OPINION.

The appellant's points three and four, specified above, strike at the jurisdiction of the trial court and after a careful consideration of the abstract of the record and the presentation in the briefs filed in the case, we are compelled to conclude that the question of jurisdiction concludes the case. To the end of a clear understanding of the question, we set forth in full the pleading filed by the plaintiff in the justice of the peace court, as follows:

"Plaintiff states that he is lawfully entitled to the possession of one Ford coupe, motor No. 4742468, 1931 model, of the value of one hundred and fifty dollars; that the same is wrongfully detained by the defendant at the county aforesaid; that the same has not been seized under any process, execution or attachment against the property of the plaintiff; that the said property has been injured by ................; and that for the taking and detention of said property, and for all injuries thereto, the plaintiff is damaged ................ dollars. Plaintiff further states that he will be in danger of losing his said property, unless it be taken out of the possession of the defendant.

"Wherefore, plaintiff prays judgment for the recovery of said property, and ................ dollars damages for the taking and detention thereof, and for all injuries thereto.

"W. M. ELSEA.

"W. M. Elsea, plaintiff, makes oath and says that to the best of ........ knowledge and belief, the facts and allegations contained in the above statement are just and true.

"....................

"Sworn to and subscribed before me this 28th day of June, A. D. 1933.

"ALVAH BRASSFIELD,

"Justice of the Peace."

It will be noted that the usual form of affidavit is not filled out and is not signed by the plaintiff, although the justice of the peace attests as, "Sworn to and subscribed before me this 28th day of June, A. D. 1933."

The respondent herein, who was defendant below, filed a motion in the circuit court to dismiss because the plaintiff nor anyone for him had signed or filed the affidavit before the writ of replevin was issued and that the justice of the peace court had no jurisdiction, therefore, the circuit court attained no jurisdiction on appeal. The circuit court overruled the motion to dismiss and permitted the plaintiff to amend in the circuit court by signing the affidavit. Due objections were made and due exceptions saved to this action of the trial court.

The question of whether or not an affidavit is the basis of the justice court's jurisdiction in replevin has been frequently before the appellate courts of this State and the decisions have been *pro* and *con* on this question.

That the affidavit is the basis of the action, without which the justice court has no jurisdiction, was decided in Turner v. Bondalier, 31 Mo. App. 582.

In Zimmerman v. Downey, 66 Mo. App. 106, this court, and in Bingham v. Morrow, 29 Mo. App. 448, the St. Louis Court of Appeals, not distinguishing the justice of the peace statute from the statute

controlling the circuit court, held that the affidavit was not necessary in the justice of the peace court. However, later in Undertaking Co. v. Jones, 134 Mo. App. 101, the St. Louis court recognized the distinction and their decision was made to conform to the Turner case, supra.

The same question later arose in this court, White v. Grace, 192 Mo. App. 610, and this court held that an affidavit is the basis of jurisdiction in matters of replevin in the justice court. Since the decision in the case of White v. Grace, supra, the question has ceased to be a mooted one.

Conceding that an affidavit is requisite to the jurisdiction in the justice court, the question arises as to whether or not right of amendment exists on the showing made in the filed statement in the case at bar.

In So. Mo. Land Co. v. Jeffries, 40 Mo. App. 360, is found a case where the exact question as herein was presented. In this case the court held that the statement and affidavit as filed was not a nullity and therefore subject to amendment in the circuit court on appeal.

The opinion in the Land Co. case, supra, appears to us to be fair and just and if we were passing upon the issue, as one of first impression, we would so hold. However, we are confronted by an opinion by the Supreme Court, Robertson v. Robertson, 192 S. W. 988, and from a careful reading of same we conclude that the opinion of the Supreme Court is so out of harmony with the 40 Mo. App. 360, as to at least overrule same by implication. At least, we conclude that for us to hold that the statement in the case at bar could be amended, as amended by the trial court, we would be in conflict not only with the language used by the Supreme Court in the above opinion, but in conflict with Hargadine v. Van Horn, 72 Mo. 370; Norman v. Insurance Co., 237 Mo. 1. c. 584, quoted in the opinion.

As to just what is understood by the term affidavit, the court in the Roberton case, supra, says:

"The minority opinion from Springfield Court of Appeals cites us to the case of State v. Headrick, 149 Mo. 1. c. 403, 51 S. W. 101. This case simply says:

" 'The word "affidavit," *ex vi termini*, means an oath reduced to writing. [1 Ency. Plead. & Prac. 309; 1 Am. & Eng. Ency. of Law (2 Ed.) 909, and cases cited.]'

"Nothing in that ruling precludes the idea that a signature must be attached to the writing. In Norman v. Horn, 36 Mo. App. 1. c. 424, an affidavit is thus defined:

" 'An affidavit is a written statement or declaration, sworn to before some officer authorized by law to administer oaths, and signed at the end by the affiant or deponent. [Hathaway v. Scott, 11 Paige Ch. (N. Y.) 173.]'

"This definition conforms with the ruling in Hargadine's case, supra."

Distinguishing from cases wherein defective affidavits have been allowed to be amended, the court, at l. c. 990, says:

"But these cases do not contravene the rule that an unsigned affidavit is no affidavit at all, nor the further rule that the absence of an affidavit defeats jurisdiction."

In conclusion, the court, at l. c. 990, says:

"In the Hargadine case we ruled that an unsigned affidavit was no affidavit, and this ruling remains the rule of this court to-day. We see no good reason to depart from it. Especially do we see no good reason to adopt a different rule in divorce cases. Too often the courts are imposed upon in such cases. To require the statutory affidavit to be signed by the plaintiff is but another safeguard."

The statutory provision for replevin in the circuit court conforms to common law and affidavit is not the basis of jurisdiction of the subject-matter, the affidavit only going to the right of possession before trial of the issues.

Section 2549 of Article 4, Chapter 10, Revised Statutes of Missouri, 1929, dealing with procedure in justice courts, specifically directs that statements in replevin, *"Shall be verified by* the affidavit of the plaintiff, his agent or his attorney, that to the best of his knowledge and belief the facts and allegations *contained in such statement* are just and true." (Italics ours.)

The following section, 2550, sets forth the statement and affidavit that may be filed. This form is an index to the legislative intent, as expressed in the provisions above quoted, in that it provides that the signing of the statement be followed by an affidavit embracing the above provisions, also to be signed by the plaintiff. Concerning the above, Judge ELLISON said in the opinion, White v. Grace, supra, "In point of fact the affidavit stands for the statement of the cause of action."

In respect to the doctrine of affidavit being the basis of jurisdiction, the Missouri practice differs from many states in the union. In the Robertson case, supra, it is said:

"The general rule, supported by the weight of the authorities, is thus stated in 2 Corpus Juris, p. 357:

" 'It is generally held that, in the absence of any statute or rule of court requiring a signature, if it clearly appears who made the affidavit, and the fact of his swearing is certified by a proper officer, the affidavit is sufficient, although not subscribed by the affiant.' "

The above, however, is declared by the Supreme Court as not the rule in Missouri. Our Supreme Court has in effect distinguished between jurat and affidavit. This distinguishment conforms to what appears to be legislative intent and while the case reported in 40 Mo. App. 360, has been cited by the St. Louis Court of Appeals,

Cindrick v. Scott, 226 Mo. App. 153, 42 S. W. (2d) l. c. 959, in support of liberal construction of the right to amend in matters appealed from justice courts, still we are constrained to say that the opinion reported in the 40th appeal is out of harmony with the law as declared by our Supreme Court.

As an affidavit, containing in effect the provisions above quoted, is required in replevin instituted in the justice of the peace court and is made the basis of jurisdiction, and, as an unsigned affidavit is no affidavit, it follows that in the case at bar the justice acquired no jurisdiction and the circuit court acqured no jurisdiction on appeal. There being nothing to amend, it was error to permit amendment.

We conclude that the circuit court, under conditions shown, was without jurisdiction in the matter and therefore the acts of the court in the matter are *coram non judice*. Therefore, judgment is reversed. All concur.