**Denny E. GARZEE and Vonnie M. Garzee, Appellants,**

v.

**John T. SAURO, et al., Respondents.**

**No. WD 31940.**

Missouri Court of Appeals, Western District.

Oct. 13, 1981.

Sloan R. Wilson, Kansas City, McMullin, Wilson & Schwarz, Kansas City, for appellant.

R. Jay Ingraham, County Counselor, Stephen F. Volek, Associate County Counselor, Mary G. Murdock, Asst. County Counselor, Kansas City, for Jackson County.

Aaron A. Wilson, City Atty., John F. Ingraham, Asst. City Atty., for City of Kansas City.

Vickie S. Jones, Kansas City, for Charles Beckner.

Felix B. Winston, Kansas City, for Land Trust of Jackson County.

Before PRITCHARD, P. J., and TURNAGE and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

According to appellants' petition, which was dismissed on the motion of respondents, Jackson County, Missouri; Kansas City, Missouri; Charles Beckner (director of Civil Process); and Land Trust of Jackson County, this action arose out of a sale of appellants' Lot 20, Block 2, Howard and Scott's Addition, Kansas City, Jackson County, Missouri, for delinquent 1972 taxes due the City. Lot 21, which adjoins Lot 20 and upon which an attached garage to a residence located upon Lot 20, was not affected. Appellants pleaded that they received no notice whatsoever or summons of the City's intent or suit to sell Lot 20 for 1972 delinquent property taxes. On August 7, 1978, Lot 20 was sold at the City's instance for the alleged failure to pay taxes for 1972 to defendant Sauro for $700.00, after which an appraiser's report by one individual was filed which valued the property at a probable selling price of $8,500.00, and a final market value as of October 1, 1978, after deducting 30% because of the forced sale for delinquent taxes, a' $5,950.00. On October 1, 1978, the court administrator made report of the tax sale, which the court found to be inadequate and determined that adequate consideration was $2,800.00. It was ordered that the court administrator execute a deed to the property under the Land Tax Collection Law to Sauro upon his payment of the $2,800.00, which was done. Appellants were subsequently evicted by Beckner, director of civil process, at Sauro's

demand under a writ of possession. The petition denominated as one for declaratory judgment, prayed, among other things, that the deed to Sauro be set aside and that appellants be restored to physical possession of the property. The petition was also brought as an alleged class action, but that matter has been abandoned.

To the petition respondents, Jackson County, Kansas City, Beckner and the Land Trust of Jackson County, filed a joint motion to dismiss or for summary judgment to which suggestions in support of the motion were attached, urging that appellants' claim could not be maintained as a class action (which is not here in issue); that it could not be maintained because of governmental or sovereign immunity; that appellants' allegations or respondents' non-compliance with procedures of §§ 141.120 and 141.130, RSMo.1978, are legally insufficient because those sections are not a part of the collection law; that appellants' allegation of the absence of personal service and the asserted failure of respondents to obtain personal service as a basis for a due process challenge to the foreclosure are insufficient as a matter of law and that "the notice given in the K–77 Delinquent Land Tax Suit and with particular reference to Plaintiffs, has been specifically held to be constitutionally sufficient." Attached to the suggestions was the affidavit of Clifford B. Smith, one of the publishers of The Daily Record, a daily newspaper of general circulation published in Kansas City, Missouri, setting forth that the notice of "Land Tax–K77" was published on four consecutive Wednesdays, starting August 10, 1977. A copy of the notice was attached listing, "Howard & Scott's Add. K77–0514 GARZEE, DENNY E. & VONNIE G. Lot 20 Blk 2 $75.13." Also attached to the suggestions is an "affidavit" purportedly by James P. Mitchell, Director of the Department of Revenue of Jackson County, wherein it is stated that pursuant to § 141.440, a section of the "Land Tax Collection Act", he caused to be prepared and mailed, postage prepaid, a notice in the form provided by statute of the filing of the land tax suit to the persons named in the petition as being the last known persons in whose names tax bills were last billed or charged. It was also stated some of the mailed notices were returned to (Mitchell's) office as mail being undeliverable as per the attached serial numbers. [K77–0514 of appellants is not listed as returned mail.] This "affidavit" is "signed" by typewriter "James P. Mitchell Director, Department of Revenue By Richard Dale Moore, Jr. (in writing)." According to the copy included in the legal file, the "affidavit" is not acknowledged before anyone authorized to administer oaths.

■ Appellants, among other matters, challenge, on due process of law grounds, the adequacy of the notice by mail to them under § 141.440. As noted, the "affidavit" was not signed by the affiant, nor was it acknowledged by one authorized to administer oaths. Therefore, it is no affidavit of fact which was required to be controverted by appellants under Rule 74.04. As to an unsigned affidavit being no affidavit, see *Elsea v. Bass*, 229 Mo.App. 250, 77 S.W.2d 164, 166 (1934); *Royal Loan Co. of St. Louis v. Darr*, 220 S.W.2d 787, 789[2, 3] (Mo.App. 1949), and cases cited. The capacity in which Richard Dale Moore, Jr., signed the document does not appear. Note that the statute requires the *collector* to mail the brief notice of the filing of the suit to the persons named in the petition as being the last known persons to whom tax bills were last billed or charged to the addresses of said persons upon the records of the collector. Section 141.460 requires affidavits of publication of notice of foreclosure, and of posting, mailing, or other acts required by §§ 141.210 to 141.810 to be filed in the office of the circuit clerk prior to trial, and when so filed, shall constitute part of the evidentiary documents in the foreclosure suit. Obviously, there was no proper affidavit of the mailing of the notice of suit to appellants in this case, and therefore there is no showing by respondents that they were entitled to summary judgment by unassailable proof. For the foregoing reasons, there was a genuine issue of facts as to the mailing of the notice, the addressees therein, and the address to which the notice

was directed, if so. Although there might be an issue of fact to be tried, that does not dispose of the question of the propriety of the grant of the summary judgment. There remains the question of whether, as a matter of law, the notice of mail statute set forth below requires that the collector comply with it.

In addition to the notice by publication required by § 141.430, § 141.440 provides: "The collector shall also cause to be prepared and mailed in an envelope with postage prepaid, within thirty days after the filing of such petition, a brief notice of the filing of the suit, to the persons named in the petition as being the last known persons in whose names tax bills affecting the respective parcels of real estate described in said petition were last billed or charged on the books of the collector, and to the addresses of said persons upon said records of the collector; and in the event that any name or address does not appear on the records of the collector, with respect to any parcel of real estate, the collector shall so state in an affidavit, giving the serial number of each parcel of real estate affected. * * * *The failure of the collector to mail the notice or file the affidavit herein provided shall not affect the validity of any proceeding brought pursuant to sections 141.210 to 141.810.*" [Italics added.]

A determination of the applicability of § 141.440 requires its construction as to whether it is mandatory or directory. If it is mandatory, then appellants' due process claim would survive the motion for dismissal or summary judgment. But if it is directory only, the failure to mail the notice would not be a basis for reversal of the summary judgment or dismissal of appellants' petition. This court does not have jurisdiction to rule the question because it involves a construction of a revenue law. Const.Mo.Art. V, § 3. See *Collector of Revenue of the City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens (Parcels 24–069 and 24–070),* 571 S.W.2d 472 (Mo.App.1978), where there was a claim that due process guarantees were violated because the Municipal Land Reutilization Law (providing for notice by mail) did not require either service of process on the legal title owners of the land or an affidavit stating that the owner was unavailable in a suit to foreclose tax liens. [As a suggestion for authority bearing on a resolution of the question, see 2A Sutherland, Statutory Construction, § 57.08, p. 423, where it is said, "Whether a mandatory or directory construction should be given to a statutory provision may often be determined by an expression in the statute of the result that shall follow noncompliance with the provision." See also § 57.20, p. 450, of the same authority relating to tax notices.]

Because of lack of jurisdiction, other questions presented may not be reached by this court.

The case is transferred to the Supreme Court of Missouri.

All concur.